**UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION**

In re:                                                                 Case No. 2:21-bk-00123-FMD

Gregory Brian Myers,                                          Chapter 13

        Debtor.
_____/

**EXPEDITED MOTION TO CONFIRM
THAT THE AUTOMATIC STAY DOES NOT APPLY, AND IN
THE ALTERNATIVE, FOR RELIEF FROM THE AUTOMATIC STAY**
*(expedited hearing requested on or before February 4, 2021 so that Movants may proceed with the February 5, 2021 hearing on its Emergency Motion to Discharge Wrongful Lis Pendens)*

*Movants respectfully requests the Court set this Motion for an expedited hearing on or before February 4, 2021 so that it may proceed with a hearing scheduled for Friday, February 5, 2021 at 10:45 a.m. EST, in a state court action brought by the Debtor against the Movants. On December 21, 2020, about a month after the Debtor filed a Complaint for declaratory relief against the Movants (which it had not yet served), the Debtor filed a wrongful lis pendens against 41 lots of real property in Walton County owned by Movants known as the Park District at WaterColor, within the Seagrove Planned Unit Development. The Debtor's state court action seeks declaratory relief that he has an interest in Movants property, notwithstanding the fact that the Debtor does not currently own any real property in Walton County and has not since 2017. The Debtor's bankruptcy was filed in bad faith on January 28, 2021, on the eve of the February 5, 2021 hearing on Movants' Emergency Motion to Discharge Wrongful Lis Pendens in the state court action. The hearing was previously rescheduled to accommodate the Debtor. During the continuance, the Debtor filed this bankruptcy case in order to delay the upcoming hearing to dissolve the lis pendens, which Debtor filed to interfere with Movants' lawful sale of lots it owns in the Park District at WaterColor. Movants file this motion on an expedited basis in order that the state court may hear their emergency motion to discharge the lis pendens and so they may defend the state court action s, and in an abundance of caution to provide comfort to the trial court that it may proceed with the February 5, 2021 hearing, since the automatic stay does not apply to the Debtor's affirmative claims for relief against the Movants nor to any property owned by Movants in the Park District at WaterColor, or the larger Seagrove Planned Unit Development .*

The St. Joe Company and Watercolor Development, LLC ("Movants") move (the "Motion") for expedited relief from the automatic stay pursuant to § 362(d) of the Bankruptcy

1

124890249.1

Code, Bankruptcy Rule 4001(a), and Local Rules 4001-1 and 9013-1(e), and for entry of an order: (i) confirming that the automatic stay of 11 U.S.C. § 362 does not apply to (a) Gregory Brian Myers's (the "Debtor" or "Myers") affirmative claims for declaratory relief and Movants defenses thereto, in the case styled *Gregory B. Myers v. The St. Joe Company, et al.*, Case No. 2020-CA-000434 (the "Walton County State Court Action"), pending in the First Circuit Court in and for Walton County, Florida ("Walton Trial Court") or any appeal related thereto; (b) the case styled *Gregory B. Myers v. The St. Joe Company, et al.*, Case No. 11-2020-CA-003406-0001 (the "Collier County State Court Action"), pending in the Twentieth Circuit Court in and for Collier County, Florida ("Collier Trial Court") and (c) any actions regarding property owned by Movants in the Seagrove Planned Unit Development, including the 41 individual platted lots comprising the Park District at WaterColor final plat (the "Movants' Property"), since neither Movants' Property nor the 147 Property (defined below) are property of the Debtor's estate; and (ii) granting in rem relief from the automatic stay to the extent it is applicable, including prospective in rem relief, using this Court's authority under 11 U.S.C. §§ 105(a) and 362(d), with respect to the Movants' Property. As set forth below, the automatic stay does not apply to affirmative claims prosecuted by a debtor, such as those asserted by the Debtor against Movants in the Walton County State Court Action and the Collier County State Court Action. Likewise, the automatic stay does not apply to property, such as the Movants' Property, which is not property of the Debtor's bankruptcy estate. In support of the Motion, Movants state as follows:

## I.     BACKGROUND

**The State Court Action**

1.     Movants are well-established and reputable developers of residential real property in Florida, who have been in the business of platting and developing lots within residential

communities for sale to the general public for decades.

2. Movants are the owners and developers of numerous lots of real property in the Villages at Seagrove Planned Unit Development ("Seagrove PUD"). Movants' Property includes 41 individual platted lots within the Park District at WaterColor.

3. Since early 2015, the Debtor has attempted to interfere with the Movants development, platting, and sale of real property in the Seagrove PUD, by virtue of an alleged ownership interest in certain common areas within a residential community in the Seagrove PUD, where the Debtor previously owned a lot that has since been foreclosed, by his mortgage lender, Bank of America, N.A. ("BOA"). The Debtor no longer owns the lot or any real property in the Seagrove PUD or any part of Walton County. The lot, which he claims as the foundation for the declaratory relief he seeks in the State Court Action against Movants is located at 147 Silver Laurel Way, Santa Rosa Beach, Florida 32459 (the "147 Property") and was owned by Debtor until it was sold at foreclosure sale in 2017.

4. On October 21, 2020, one day before the Walton County Board of County Commissioners were scheduled to hear the final plat application for Park District at WaterColor, the Debtor filed the Collier County State Court Action, for breach of contract, slander of title, negligence, and declaratory relief. He never served process of the Collier County State Court Action on the Movants.

5. On October 22, 2020, the Walton County Board of County Commissioners approved the final plat application for Park District at WaterColor, one phase of development within the Seagrove PUD.

6. The Park District at WaterColor plat was subsequently recorded on October 26, 2020 at Plat Book 0022, Page 0094, in the Official Records of Walton County, Florida as

Instrument No. 20200042987 (Park District at WaterColor Plat). The Park District at WaterColor Plat is comprised of approximately 21.98 acres and 41 individual platted lots all located within the Seagrove PUD.

7. Movants platted and developed Park District at WaterColor in order to sell the lots to end purchasers for residential purposes and, upon approval of the Park District at WaterColor Plat, Movants immediately started selling those lots.

8. On November 23, 2020, a month *after* the Park District at WaterColor Plat had been approved, Debtor filed his Complaint for declaratory, injunctive, and other relief in the Trial Court (the "Walton County Complaint"). However, Debtor still did not serve process of this lawsuit on either of the Movants. Prior to, during, and after this time, Movants continued to market and sell the lots in Park District at WaterColor.

9. On December 21, 2020, two months *after* the approval of the Park District at WaterColor Plat, Debtor unilaterally filed a Notice of Lis Pendens as to all of the property within Park District at WaterColor. Yet, Debtor still did not serve Movants with the Complaint.[1]

10. On December 22, 2020, Debtor caused the Notice of Lis Pendens to be recorded in Official Records Book 3174, Page 3466 of the Official Records of Walton County, Florida as Instrument No. 20200052813. A copy of the Notice of Lis Pendens is attached as **Exhibit 1**.

11. Debtor's Walton County Complaint is comprised of two counts for declaratory relief, one pursuant to Section 163.3215, Florida Statutes, and the other pursuant to Section 86.011, Florida Statutes. A copy of the Walton County Complaint is attached as **Exhibit 2**.

---

[1] Debtor has also filed a case in Collier County, based on the same operative set of facts and against the same parties on October 21, 2020, impermissibly splitting his causes of action (Collier County Case No. 2020-CA-003406). He further subsequently filed another Notice of Lis Pendens in the Collier County case on December 26, 2020, which he then recorded in Walton County on December 30, 2020. Debtor has never served the Collier County Complaint, the Collier County Lis Pendens, nor the copy of the Collier County Lis Pendens as recorded in Walton County on Movants.

12. Debtor alleges that in 2002 he and his wife "acquired property in the Seagrove PUD," which the Complaint refers to as the "147 Property." Complaint ¶ 16. Debtor alleges that he is an "aggrieved or adversely affected person having a legally recognizable interest and vested rights" in the Seagrove PUD, with "vested rights in zoning for the entire project." *Id.* at ¶¶ 31, 36. Those statements are false.

13. The gravamen of Debtor's Complaint appears to be that various unrecorded agreements and other documents designate 247.87 acres of the Seagrove PUD "as open space and natural areas" dedicated to "the homeowners who will own the property" and that the Park District at WaterColor Plat is inconsistent with those agreements. *Id.* at ¶¶ 9, 12, 23, 34, 40, 60, Exhibit A, C, and H-M.

14. However, the "147 Property" is *not* within the Park District at WaterColor Plat.[2] More importantly, there are no allegations in the Complaint, and no exhibits attached to the Complaint, that show Debtor has any *current ownership interest in any part of the Seagrove PUD, let alone within the Park District at WaterColor Plat*.

15. Indeed, in an effort to mislead the Trial Court, the Debtor intentionally omitted from the Complaint the fact that *he has not owned the "147 Property" since 2017 and that he does not currently own any real property in the Seagrove PUD*.

16. In fact, Debtor lost title to the "147 Property" in 2017, in a mortgage foreclosure sale in the case styled *Bank of America, N.A. v. Barbara Ann Kelly, Gregory B. Myers, et al*, Case No. 2010-CA-000660, First Judicial Circuit for Walton County, Florida (the "BOA Foreclosure").

---

[2] The alleged "147 Property" is in fact Lot 6 in a different part of the Seagrove PUD in a plat called Rainbow Row at WaterColor and is *not* one of the 41 platted lots within the Park District at WaterColor Plat. The Rainbow Row at WaterColor plat was recorded in March 2000 at Plat Book 14, Page 31. A copy of the Rainbow Row at WaterColor plat is attached as **Exhibit 3**.

17. A Certificate of Sale for the 147 Property was issued in favor of BOA on December 8, 2017, and subsequently recorded on January 16, 2018. A copy of the Certificate of Sale is attached as **Exhibit 4**.

18. The Walton County Property Appraiser's website confirms that BOA currently owns the "147 Property." A printout of the Walton County Property Appraiser's website for the "147 Property" is attached as **Exhibit 5**.

19. As a result of the fact that Debtor does not own the "147 Property" or any other property in the Seagrove PUD, he is *not* one of the "homeowners" who he alleges own the "open space and natural areas" of the Seagrove PUD. As such, Debtor had no standing to bring any claims based on the terms of the very agreements and documents attached to the Complaint.

20. Debtor waited over a month after the Park District at WaterColor Plat was approved to file the Complaint on November 23, 2020. He then waited another month before recording the lis pendens, without ever serving the Movants. In the intervening days, Movants were actively marketing, selling, and closing on sales of the lots in Park District at WaterColor. Allowing Debtor to maintain the Notice of Lis Pendens will irreparably harm the Movants, as well as the current homeowners and prospective purchasers in the Park District at WaterColor, since the lis pendens is clouding title to all of their real property.

21. Based on the foregoing, Debtor's claimed basis for the Notice of Lis Pendens and the Walton County Complaint – his implied current ownership of the "147 Property"– is false, a gross attempt to mislead the Trial Court, and a wholly insufficient basis to maintain a lis pendens pursuant to Section 48.23, Florida Statute. No amendment to the Notice of Lis Pendens could cure this defect because Debtor has no interest in the property that is the subject of the Notice of Lis

Pendens and there is no nexus, much less a legally sufficient nexus, between Debtor's claims and the property within Park District at WaterColor.

22. The Trial Court has an evidentiary hearing on Movant's Emergency Motion to Discharge Wrongful Lis Pendens scheduled for Friday, February 5, 2021 at 10:45 a.m. EST. In an attempt to forestall this proceeding, the Debtor filed this bankruptcy. As described below, the Debtor and his wife have used tactics like this many times, including repeated bankruptcy filings, to muddy court records and delay legal proceedings.

**Debtor and His Wife's Repeated Bankruptcy Filings and Dismissals**

23. Debtor filed its skeletal voluntary petition under Chapter 13 of the Bankruptcy Code in this case (the "Florida Petition") on January 28, 2021 (the "Petition Date"). However, this is not the Debtor's first nor only pending bankruptcy case.

*In re Gregory B. Myers, Case No. 15-26033-LSS (Bankr. D. Md. 2015)*

24. On November 18, 2015, the Debtor filed a voluntary petition under Chapter 11 of the Bankruptcy Code in the U.S. Bankruptcy Court for the District of Maryland, Greenbelt Division (the "MD Bankruptcy"). On February 22, 2017, the Maryland bankruptcy court granted the U.S. Trustee's Motion to Convert Case to Chapter 7 [Doc. 316].

25. Earlier in the Pending Bankruptcy, the bankruptcy court entered a Consent Order on BOA's Motion for Relief from the Automatic Stay [Doc. 196] (the "MD Consent Order" attached at **Exhibit 6**). The MD Consent Order stated that stay relief would be granted (and BOA could move forward with their foreclosure of the 147 Property) if the Debtor's appeal of the foreclosure order from the Trial Court was resolved in BOA's favor. *Id.* The First District Court of Appeal for the State of Florida affirmed the Trial Court's foreclosure order with respect to the 147 Property and denied the Debtor's Motion for Rehearing. *See* **Exhibit 7**. With the Consent

Order's stay relief, the Trial Court set a new date for the foreclosure sale in December 2017 and the Debtor in response filed an adversary proceeding in the MD Bankruptcy against BOA, claiming, *inter alia*, the foreclosure action was fraudulent. *See Myers v. Bank of America, N.A.*, Adv. Pro. 17-00449 (Bankr. D. Md. 2017). The adversary proceeding was dismissed shortly thereafter. *Id.* The Certificate of Sale for the 147 Property was issued to BOA on December 8, 2017 and subsequently recorded on January 16, 2018. *See* Exhibits 4.

26. In addition, the U.S. Trustee initiated an adversary proceeding in the MD Bankruptcy to deny Myers's discharge. *See* Adv. Pro. 17-00193 (Bankr. D. Md. 2017). After a two-day trial, the Maryland bankruptcy court entered judgment in favor of the U.S. Trustee and denied Myers's chapter 7 discharge. Myers then sought reconsideration of that judgment, which the bankruptcy court denied, and Myers appealed. *See* Adv. Pro. 17-00193 (D. Md. 2017) [Docs. 97, 101]. Myers then appealed that ruling to the United States District Court for the District of Maryland. *See* Civil Action 8:19-cv-00637-PX (D. Md. 2019). The District Court issued a memorandum opinion on February 13, 2020 denying the motion for rehearing and finding that "Myers' true goal is to gum up the judicial process for his own personal benefit and ignore valid court orders as he sees fit." *See* Civil Action 8:19-cv-00637-PX (D. Md. 2019) [Doc. 20, at pg. 6]. The memorandum opinion is attached as **Exhibit 8**.

27. The MD Bankruptcy remains pending as a chapter 7 case today.

*In re Gregory Brian Myers, Case No. 19-10392-BLS (Bankr. D. Del. 2019)*

28. On February 27, 2019, the Debtor filed a voluntary petition under Chapter 13 of the Bankruptcy Code in the U.S. Bankruptcy Court for the District of Delaware (the "Delaware Bankruptcy").

8

124890249.1

29. On March 28, 2019, the Delaware bankruptcy court dismissed Myers's case because he showed no connection to Delaware and therefore, the District of Delaware was an improper venue for the case. Delaware Bankruptcy, *Order Dismissing Case* [Doc. 24, ¶¶ 7-9]. Myers represented that he was an officer, director and shareholder of a Delaware corporation and therefore could file a bankruptcy petition there, but the court noted that the corporation was incorporated <u>only one day</u> before the filing of the petition. *Id.*

30. The Delaware Bankruptcy was closed on November 8, 2019.

*In re Gregory B. Myers, Case No. 19-17428-LSS (Bankr. D. Md. 2019)*

31. On May 31, 2019, Myers filed another voluntary petition under Chapter 13 of the Bankruptcy Code in the U.S. Bankruptcy Court for the District of Maryland, Greenbelt Division (the "Second MD Bankruptcy").

32. The Chapter 13 Trustee filed a motion to dismiss the case stating that given the complexity of the MD Bankruptcy, "it would be untenable for any Chapter 13 Trustee to administer a plan of reorganization." Second MD Bankruptcy, *Trustee's Motion to Dismiss* [Doc. 60 ¶ 16]. Myers then voluntarily dismissed the case and the case was closed on June 19, 2020.

*In re Barbara Ann Kelly-Myers, Case No. 18-13244-LSS (Bankr. D. Md. 2018)*

33. On March 13, 2018, Barbara Ann Kelly (or Kelly-Myers) (the Debtor's "Wife" or "Kelly") filed a voluntary petition under Chapter 13 of the Bankruptcy Code in the U.S. Bankruptcy Court for the District of Maryland ("Kelly MD Bankruptcy").

34. On July 13, 2018, the bankruptcy court entered its Order with Notice Dismissing Chapter 13 Case on Motion of Trustee for Failure to Qualify for Relief [Doc. 74], to which Myers and Kelly both filed emergency motions to reconsider [Docs. 78 and 79] and notices of appeal [Docs. 80 and 81]. In denying both motions to reconsider, the bankruptcy court noted that in her

schedules, which were filed on April 11, 2018, Kelly listed the 147 Property with a stated value of $891,987.00. Kelly MD Bankruptcy, *Memorandum Opinion* [Doc. 95, pg. 2]. With regard to whether there were claims against the 147 Property, Kelly merely stated: "On February 9, 2018, Kelly and Gregory B. Myers filed a Joint Notice of Appeal of Order Denying Defendants' Objection to Foreclosure Sale in the Florida First District Court of Appeals." *Id.* at 3. The schedules were filed approximately four months after BOA purchased the 147 Property at the foreclosure sale in the BOA Foreclosure on December 8, 2017, and three months after the Certificate of Sale for the 147 Property was issued in favor of BOA. *See* Exhibit 4.

35. The Kelly MD Bankruptcy was closed on January 6, 2020.

*In re Barbara Ann Kelly-Myers, Case No. 18-07142-CED (Bankr. M.D. Fla. 2018)*

36. On August 24, 2018, Kelly filed a voluntary petition under Chapter 13 of the Bankruptcy Code in the U.S. Bankruptcy Court for the Middle District of Florida ("Kelly FL Bankruptcy").

37. On September 7, 2018, Kelly moved for voluntary dismissal of the Kelly FL Bankruptcy, which the bankruptcy court granted and the case was closed on January 4, 2019.

## II.   RELIEF REQUESTED

38. Movants request entry of an order, (i) confirming that the automatic stay of 11 U.S.C. § 362 does not apply to and does not stay (a) the *Walton County State Court Action* or any appeal related thereto; (b) the *Collier County State Court Action;* and (c) any other actions regarding Movants' Property since neither Movants' Property nor the 147 Property are property of the estate; and (ii) granting complete and total relief from the automatic stay to the extent it is applicable, including prospective *in rem* relief as to the Movants' Property, using this Court's authority under 11 U.S.C. §§ 105(a) and 362(d).

### III. BASIS FOR RELIEF REQUESTED

#### A. The automatic stay does not apply.

##### i. *The Debtor's affirmative claims and Movants' defenses thereto in the State Court Action are not subject to the automatic stay.*

39. The automatic stay only applies to actions against a debtor, not those pursued by a debtor. As aptly summarized by the Northern District of Florida Bankruptcy Court:

> The primary purpose of automatic stay to protect the estate from being depleted by creditors' lawsuits and seizures of property before the trustee has had a chance to marshal and distribute the assets. *In re White,* 186 B.R. 700, 704 (9th Cir. BAP 1995). The stay is not applicable to offensive actions by debtor in possession or bankruptcy trustees. *Id.* The Trustee or debtor (in possession) is not prevented by the automatic stay from prosecuting or appearing in an action which debtor has initiated and that is pending at time of bankruptcy. *Id.* However, when the debtor has initiated a pre-petition lawsuit against creditor, the same policy considerations do not exist. *Id.* The automatic stay only stays actions *against* a debtor, not those pursued *by* the debtor. *In re Reichenbach,* 219 B.R. 247, 250 (Bankr.E.D.Ark.1998)(emphasis added).
>
> 'It is clear that § 362 does not stay the hand of the trustee from continuing to prosecute a pre-bankruptcy lawsuit initiated by the debtor.' *In re Merrick,* 175 B.R. 333, 337 (9th Cir. BAP 1994). 'Out of fairness, the defendant should be allowed to defend himself from attack, and 'the automatic stay should not tie the hands of a defendant while the plaintiff debtor is given free rein to litigate.' ' *In re White* at 705 *citing to In re Merrick* at 338.

*In re Rogers*, 251 B.R. 626, 629 (Bankr. N.D. Fla. 2000).

40. As a result, the automatic stay does not apply to the Debtor's Complaint for affirmative relief against the Movants in either the Walton County State Court Action or the Collier County State Court Action, or to the Movants defenses thereto, including its efforts to discharge the unlawful lis pendens clouding title to the Movants' Property.

##### ii. *Actions in connection with the Movants Property are not subject to the automatic stay since neither the Movants' Property nor the 147 Property are property of the Debtor's estate.*

11

41. A debtor's interest in real property ends once his or her statutory right of redemption terminates. *In re Catalano*, 510 B.R. 654 (M.D. Fla. Bankr. 2014); *In re: Balterman*, 2012 WL 6204858 (M.D. Fla. Bankr. Dec 13, 2012); *In re: Trust No. 101B*, 77 B.R. 973 (S.D. Fla. Bankr. 1987). After the debtor's interest terminates, the property is no longer property of the estate and the automatic stay provided by the bankruptcy code does not apply. *Id.*

42. Under Florida law, a debtor's right of redemption terminates upon the issuance of the certificate of sale. *See* § 45.0315, Fla. Stat. While that date can be extended if timely objection to sale is filed and the sale is actually set aside, absent an order setting aside the sale, the right of redemption terminates. *See Catalano*, 510 B.R. at 658.

43. Further, while the bankruptcy code can extend the redemption period for an additional 60 days, the 60-day extension applies only where the bankruptcy case is filed before the state law statutory right of redemption expires. 11 U.S.C. § 108(b); *see also Trust No. 101B*, 77 B.R. at 975. If the bankruptcy case is filed after the state statutory right of redemption expires, the bankruptcy code provision providing for an extension does not apply. *Id.*

44. The putative ownership of the "147 Property" is the entire basis of the Debtor's standing to assert the claims against Movants in both the Walton County State Court Action and the Collier County State Court Action. The Debtor does not argue or allege any other possible cognizable interest in the real property that is the subject of the Notice of Lis Pendens in the Walton County State Court Action or the Collier County State Court Action, which is clouding title to Movants' Property.

45. In the pending Walton County State Court Action and the Collier County State Court Action, the Debtor does not allege that he currently owns any property within the Seagrove PUD. Notwithstanding his misleading allegation that he "acquired" the "147 Property" in 2002,

124890249.1

the Debtor does not currently own the "147 Property" and has not owned it since 2017. *See* Exhibit 4.

46. The Clerk of Court issued the Certificate of Sale in the BOA Foreclosure on December 8, 2017. The Debtor's bankruptcy petition was not filed until January 28, 2021, more than three years after the statutory right of redemption expired.

47. As a result, as of the Petition Date, the 147 Property at issue was titled in BOA's name, the Debtor's right of redemption had terminated, and the 147 Property was not part of the Debtor's bankruptcy estate. Therefore, the automatic stay does not apply to the 147 Property. Likewise, absent any ownership interest in the 147 Property, the Debtor cannot have any cognizable interest in the Movants Property.[3]

48. Further, the automatic stay does not apply since Movants do not seek to take any of the actions listed in § 362(a). Movants are merely seeking to defend the affirmative action the Debtor brought against the Movants through the State Court Action, and discharge the lis pendens, so Movants may continue to develop and sell property in the Park District at WaterColor. As described above, the 147 Property which the Debtor claims to own, which serves as the only foundation for his claims against Movants Property in the Walton County State Court Action and the Collier County State Court Action, is not property of the estate since any interest the Debtor had in the 147 Property was extinguished by the issuance of the Certificate of Sale in favor of BOA in 2017. Accordingly, the Debtor has no interest in the Movants Property, and thus the automatic stay does not apply.

### B. To the extent the stay is applicable, stay relief is warranted pursuant to §362(d)(1)

---

[3] Even if the Debtor still owned the 147 Property, which it does not, it would not have an interest in the Movants' Property and the automatic stay still would not apply to the Complaints filed by the debtor, which directly affect Movants efforts to sell and develop its property. For the sake of simplicity, this issue is not briefed herein since it is not relevant to the issues currently before this Court.

124890249.1

**and (2).**

49.     Pursuant to 11 U.S.C. § 362(d)(1), relief from stay should be granted for cause, including the bad faith filing of this case. *In re Dixie Broadcasting, Inc.*, 871 F.2d 1023 (11th Cir. 1989) (finding that bad faith commencement of a case may constitute cause for stay relief).  The totality of circumstances suggests that the present Chapter 13 was filed in bad faith to delay the hearing on Movants' Emergency Motion to Discharge Wrongful Lis Pendens and to use the automatic stay as a dilatory tool to prevent Movants development and sale of Movants' Property, which the Debtor does not have any right or interest in. *See, In re McGovern*, 297 B.R. 650 (S.D. Fla. 2003). As stated previously, even any tangential relationship the Debtor had to the Seagrove PUD, via its prior ownership of the 147 Property, was extinguished in December 2017.

50.     The Debtor filed this case roughly one week prior to the Trial Court's scheduled hearing on Movants' Emergency Motion to Discharge Wrongful Lis Pendens.  The Debtor's only remaining interest in the property, if any, terminated over three years ago in December 2017, when he lost his right of redemption upon issuance of the Certificate of Sale to BOA in the Foreclosure.

51.     Notwithstanding the fact that the Debtor no longer has an ownership interest in the 147 Property or any property in Walton County, and never had any ownership interest in any property in the Park District at WaterColor, the Debtor continues to hinder and delay Movants continued development and sale of Movants' Property.

52.     Stay relief is also mandated under 11 U.S.C. § 362(d)(2), since the Debtor does not have any equity in Movants' Property (let alone any ownership interest in Movants' Property) and Movants' Property is not necessary (or even available) for an effective reorganization.  As set forth above, the Debtor's right of redemption in the 147 Property, which was his only tangential connection to the Movants' Property, terminated upon issuance of the Certificate of Sale to BOA in December 2017.  Accordingly, to the extent the stay may be applicable, full and complete relief

from stay is warranted pursuant to § 362(d)(1) and (2).

### C. To the extent the stay is applicable, the Court should use its broad power under § 105(a) to order prospective *in rem* stay relief consistent with § 362(d)(4).

45. Movants also request prospective *in rem* stay relief in light of the Debtor's repeated attempts to use bankruptcy to hinder, delay and defraud Movants legal rights to develop and sell property within the Seagrove PUD. The Debtor's pending bankruptcy, which was filed on the eve of the hearing on the Emergency Motion to Discharge Wrongful Lis Pendens, is at least the second bankruptcy filed by the Debtor which he has relied upon to interfere with Movants development of the Seagrove PUD. *See* Exhibit 2 [Complaint at ¶¶ 18 and 23](regarding the Debtor's MD Bankruptcy filed in 2015, which his bankruptcy attorney asserted created an automatic stay with respect to certain actions being taken by the Movants in connection with the Seagrove PUD in 2017). Likewise, the Debtor and his wife have filed a combined six bankruptcy cases, most of which were quickly found to be without merit and dismissed, and participated in numerous state court lawsuits and appeals to hinder and delay the foreclosure of the 147 Property, which serves as the foundation for the Debtor's unlawful lis pendens and claims against the Movants' Property.

46. Bankruptcy courts are allowed under 11 U.S.C. § 105(a) and 349(a) to grant prospective relief from the automatic stay and to prohibit future bankruptcy filings. *See In re Blocker*, 411 B.R. 516, 520 (Bankr. S.D. Ga. 2009) ("If prohibiting future filings may be deemed necessary or appropriate to carry out the provisions of the Bankruptcy Code under § 105(a), so must the more moderate remedy of granting prospective relief from the automatic stay."). Movants seek the more moderate remedy of prospective stay relief, but given the Debtor and Kelly's repeated use of the bankruptcy system to delay litigation by creditors and third parties, a prohibition of future filings may also be appropriate should the Court deem it just and proper.

47. Absent prospective *in rem* relief, the Debtor and Kelly will likely attempt to interfere with Movants legal rights in the development and sale of the Movants' Property, with repeated, future bankruptcy filings. Accordingly, this Court should grant Movants prospective *in rem* stay relief so that it may proceed with defending the Walton County State Court Action and the Collier County State Court Action, discharging the lis pendens, and continuing to develop and sell the Movants' Property notwithstanding any future filings. *See Selinsky*, 365 B.R. at 264 (in order to prevent abusive tag-team serial-filing schemes, a bankruptcy court can grant *in rem* stay relief to prohibit a property from being protected by the automatic stay in subsequent cases filed by a debtor or non-debtor). If Movants were creditors secured by a lien against the Movants' Property, prospective *in rem* relief would be warranted pursuant to §362(d)(4). Here, Movants are not mere creditors with a lien against the Debtor's property, but rather they are owners of property which the Debtor does not even have an interest in. Thus the need for prospective *in rem* relief is even greater than the logic that underpins §362(d)(4). Accordingly, the Court should grant prospective in rem relief with respect to Movants' Property, using its authority under §§ 105(a) and 349(a), since it is a natural extension of the logic for such relief under §362(d)(4).

### D. **Movants should be awarded attorneys' fees and costs for the Debtor's bad faith filing.**

48. Movants also seek attorneys' fees and costs pursuant to 11 U.S.C. § 105 and applicable case law, as a result of the Debtor's bad faith bankruptcy filing which he has used to delay the Emergency Hearing scheduled for February 5, 2021 in the Trial Court. *In re Serfass,* 325 B.R. 901 (Bankr. M.D. Fla. 2005) (awarding attorneys' fees and costs to creditor as sanctions on debtor whose chapter 11 had been dismissed based on allegations that the petition was filed in bad faith).

**WHEREFORE**, Movants respectfully request that this Court enter an order (i) confirming that the automatic stay of 11 U.S.C. § 362 does not apply to and does not stay (a) the *Walton County State Court Action* or any appeal related thereto; (b) the *Collier County State Court Action* or any appeal related thereto; and (c) any actions regarding Movants' Property since neither Movants' Property nor the 147 Property are property of the estate; (ii) granting complete and total relief from the automatic stay to the extent it is applicable, including prospective *in rem* relief as to the Movants' Property, using this Court's authority under 11 U.S.C. §§ 105(a) and 362(d); and (iii) waiving the fourteen (14) day stay of this Order under Bankruptcy Rule 4001(a)(3) to permit Movants to immediately exercise relief from the automatic stay; and (iv) for such other relief as the Court deems just and proper.

Dated:  February 2, 2021

Respectfully submitted,

**CARLTON FIELDS, P.A.**

*/s/  Luis E. Orengo, Jr.*
Luis E. Orengo, Jr. (FBN 1022891)
E-mail: lorengo@carltonfields.com
P.O. Box 3239
Tampa, FL  33601-3239
Telephone:  (813) 223-7000
Facsimile:  (813) 229-4133

***Attorneys for Movants The St. Joe Company and Watercolor Development, LLC***

124890249.1

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Motion was filed electronically through the Bankruptcy Court's CM/ECF system on February 2, 2021, thereby serving all registered users in this case and all users on the attached mailing matrix not currently registered to receive electronic notifications.

                                        */s/ Luis E. Orengo, Jr.*
                                        Attorney

124890249.1