UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
FT. MYERS DIVISION

In re:

GREGORY BRIAN MYERS,   Case No.: 2:21-bk-00123-FMD
                                              Chapter: 13
      Debtor.

**TRUIST BANK, SUCCESSOR BY MERGER TO SUNTRUST BANK'S
VERIFIED MOTION FOR RELIEF FROM AUTOMATIC STAY TO
ENFORCE FINAL JUDGMENT OF FORECLOSURE BASED ON BAD FAITH AND
REQUEST FOR FIVE YEAR INJUNCTION AGAINST REFILING AND FIVE YEARS
OF PROSPECTIVE STAY RELIEF AS TO REAL PROPERTY**

Truist Bank, successor by merger to SunTrust Bank ("Truist") (the "Secured Creditor"), its successors and/or assigns, as a secured creditor of the bankruptcy estate of Gregory Brian Myers (the "Debtor"), seeks relief from the automatic stay pursuant to 11 U.S.C. § 362(d)(4) based on bad faith and requests a five year injunction against refiling against the Debtor and five years of prospective relief as to the real property, and in support thereof, states as follows:

1. <u>Debtor's Bankruptcy Case</u>. On January 28, 2021, the Debtor filed the above-captioned Chapter 13 bankruptcy case.

2. <u>Jurisdiction</u>. Jurisdiction of this matter is properly before this Court pursuant to 28 U.S.C. § 1334 and Rule 4001(a) of the Federal Rules of Bankruptcy Procedure.

3. <u>Foreclosure Proceeding.</u> As a result of the failure to make the monthly payments due under the note and mortgage, Secured Creditor commenced a foreclosure action against the Debtor in the case captioned SunTrust Bank vs. Barbara Kelly, et. al., Case No. 2013 CA 000290 in the First Judicial Circuit, in and for Walton County, Florida (the "Foreclosure Action"). On June 21, 2016, a Final Judgment was entered in the amount of $603,444.09. A copy of the Final Judgment is attached hereto as **Exhibit A**. A copy of the Foreclosure Docket is attached hereto

as **Exhibit B.**    On October 29, 2018, a Certificate of Sale was issued, a copy of which is attached hereto as **Exhibit C**. On November 26, 2018, a Certificate of Title was issued, a copy of which is attached hereto as **Exhibit D**.

4. Collateral.  The Final Judgment relates to real property located at XXX Wakula Lane, Seaside, Florida 32459 *which may also be known as Lot 13 Wakula Lane, Seaside, FL 32549* ("Collateral") and further described as follows:

> Lot 13, SEASIDE 15, according to the Plat thereof as recorded in Plat Book 15, Page 38, of the Public Records of Walton County, Florida.

5. Foreclosure Sale. Pursuant to the Final Judgment the foreclosure sale was scheduled for August 5, 2016, 11:00 AM CST. What proceeded was a pattern of bankruptcy filings which was utilized to delay and hinder Secured Creditor's ability to complete and conclude the foreclosure process, detailed as follows:

6. On July 21, 2016, Gregory B Myers, through counsel representation, filed a Suggestion of Bankruptcy in the state court foreclosure action. Stating on November 18, 2015 a Chapter 11 Petition was filed in United States Bankruptcy Court for the Division of Maryland. A copy of Mr. Myers Suggestion of Bankruptcy is attached hereto as **Exhibit E**. However, review of the Note and Mortgage reveal Mr. Myers is neither a party nor obligor on either document. A copy of the Note and Mortgage are attached hereto as **Exhibit F**. Additionally, review of the Walton County Property Appraiser's Record does not reveal Mr. Myers as an owner of the Collateral. A copy of the Walton County Property Appraiser's Record is attached hereto as **Exhibit G**. A Motion for Relief was filed on June 30, 2014. An Order Granting Relief from the Automatic Stay as to the property was entered July 19, 2017 (Doc. No. 536). A copy of the Order is attached **Exhibit H.**

7. The foreclosure sale was rescheduled to occur on March 8, 2018. On March 7, 2018, Debtor filed an Emergency Motion to Stay Foreclosure Sale. On March 8, 2018, an order was entered granting the Emergency Motion thereby canceling the March 8, 2018 sale date.

8. <u>First Petition</u>:  On March 13, 2018, Barbara Ann Kelly aka Barbara Ann Kelly-Myers filed a Chapter 13 Petition to commence 18-13244 in The United States Bankruptcy Court of Maryland. This case was dismissed on July 13, 2018 by the entry of the Order with Notice Dismissing Chapter 13 Case on motion of Chapter 13 Trustee for Failure to Qualify for Relief Under Chapter 13 (Doc. No 74). A copy of the dismissal order is attached as **Exhibit I.**

9. The foreclosure sale was ultimately rescheduled to August 27, 2018; however, on July 29, 2018, Debtor filed a Motion to Stay Case and Stay Foreclosure Sale, and on August 23, 2018, Debtor filed its Emergency Motion to Stay Foreclosure Sale.

10. <u>Second Petition</u>:  On August 24, 2018, Barbara Ann Kelly, filed a Chapter 13 Petition in the Middle District of Florida on August 24, 2018, case number 9:18-bk-07142-FMD. The case was dismissed on September 10, 2018.  The filing of this petition cancelled the sale scheduled for August 27, 2018.

11. <u>Third Petition</u>:  Pro Se Debtor, Gregory Brian Myers, filed the third Chapter 13 Petition in the District of Delaware on February 27, 2019, case number 19-10392-BLS.  The case was dismissed on March 28, 2019 for Debtor's failure to file information.

12. <u>Fourth Petition</u>:  Pro Se Debtor, Gregory Brian Myers, filed the fourth Chapter 13 Petition in the District of Maryland on May 31, 2019, case number 19-17428.  The case was dismissed on September 9, 2019 upon entry of the Order Granting Motion to Dismiss Case on Request of Debtor (Doc. No. 105) attached hereto as **Exhibit J**.

13. <u>Fifth Petition</u>:  Barbara Ann Kelly, filed the fifth Chapter 13 Petition in the District of Maryland on October 30, 2019, case number 19-24525.  The case was dismissed on July 8,

2020 upon entry of the Order Granting Motion to Dismiss Case on Request of Debtor (Doc. No. 83) attached hereto as **Exhibit K.**

14. <u>Sixth Petition</u>:   Gregory Brian Myers, filed this instance case; the sixth Chapter 13 Petition in the Middle District of Florida on January 28, 2021, case number 2:21-bk-00123-FMD.

15. <u>Relief Requested</u>.  Debtor and Ms. Kelly have utilized the Bankruptcy Court system in a concerted effort to delay and hinder Secured Creditor's ability to conclude the foreclosure process. Mr. Myers is neither listed on the Note, Mortgage, nor as an owner per the Walton County Property Appraiser's Website yet filed a Suggestion of Bankruptcy from a 2015 case asserting the automatic stay was in effect as to the Collateral. 11 U.S.C.§ 362(d)(4)(B) states:

> with respect to a stay of an act against real property under subsection (a), by a creditor whose claim is secured by an interest in such real property, if the court finds that the filing of the petition was part of a scheme to delay, hinder, or defraud creditors that involved either…
> (B) multiple bankruptcy filings affecting such real property

16. <u>Relief Requested</u>.   Moreover, Debtor and Ms. Kelly have continued to file motions which has ensued litigation in the state court foreclosure action after the entry of the Final Judgment yet has on two occasions sought relief from the Bankruptcy Court. Ms. Kelly's First Case was dismissed as the she did not meet the eligibility pursuant to 11 U.S.C. §109(e).  Additionally;

- The Debtor has no equity in the Property, as evidenced by Walton County Property Appraiser Value, which lists the value of the Property at $509,820.00. This amount is less than the outstanding amount due to Secured Creditor pursuant to the Final Judgment.

- The Property is no longer owned by the Debtor, as the Certificate of Sale and Certificate of Title were issued prior to the Petition Date.

- The Collateral in question is *vacant land* and is not necessary for a successful reorganization;

- Property taxes continue to accrue.

17. <u>Request for Attorney's Fees and Costs</u>. Secured Creditor requests attorney's fees and costs are recoverable in the subsequent foreclosure case, as a result of filing the instant motion.

WHEREFORE, Secured Creditor requests the entry of an order modifying the automatic stay, granting prospective relief for five years and for such other and further relief as the Court deems just and proper.

McCalla Raymer Leibert Pierce, LLC

By:    */s/ Neisi Garcia Ramirez*
Neisi Garcia Ramirez
Florida Bar No. 91430
Attorney for Creditor
110 S.E. 6th Street, Suite 2400
Ft. Lauderdale, FL 33301
Phone:  954-332-9426
Fax:  954-332-9426
Email:  Neisi.GarciaRamirez@mccalla.com

## VERIFICATION

The undersigned __Luis E. Carlo__ (name of witness), as the __AVP__ (title/position of witness) of Truist Bank, successor by merger to SunTrust Bank ("Truist"); hereby declares under penalty of perjury that:

(i) I have knowledge of the business books and records Truist;

(ii) Based on my review of the business books and records of Truist, the information and allegations set forth in paragraphs 3 through 14 above, are true and correct to the best of my knowledge; and

(iii) The documents attached hereto as **Exhibits A through K** are true and correct copies of the originals.

_____
Name and Title of Witness
Luis E. Carlo, AVP.

# **CERTIFICATE OF SERVICE**

, I HEREBY CERTIFY that on April 7, 2021, a true and correct copy of the foregoing was served by U.S. ~Mail, First Class, and/or electronic transmission to: Gregory Brian Myers, 700 Gulf Shore Boulevard North, Naples, FL 34102; Barbara Ann Kelly, 4505 Wetherill Road, Bethesda, MD 20816; Barbara Ann Kelly, 700 Gulf Shore Boulevard North, Naples, FL 34102  and those parties receiving CM/ECF service.

- Undine C George    undine@anastasialaw.net, service@anastasialaw.net;admin@anastasialaw.net
- Kimberly McIntyre    kimberly.mcintyre@tampa13.com
- Luigi E Orengo    lorengo@carltonfields.com, kathompson@carltonfields.com
- United States Trustee - FTM7/13    USTPRegion21.TP.ECF@USDOJ.GOV
- Maurice B VerStandig    mac@mbvesq.com, admin@mbvesq.com
- Jon Waage    jwflecf@trustee13.com

By:    */s/ Neisi  Garcia Ramirez*
         Neisi  Garcia Ramirez