**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**FORT MYERS DIVISION**
www.flmb.uscourts.gov

In re:                                                                                          Case No. 2:21-bk-00123-FMD
                                                                                                Chapter 13

Gregory Brian Myers

     Debtor.
_____/

**TRUSTEE'S UNFAVORABLE RECOMMENDATION**
**AND OBJECTIONS TO CONFIRMATION OF THE PLAN**

TO:  Clerk, United States Bankruptcy Court

    1.    The Debtor's Petition for Relief to Chapter 13 was filed on January 28, 2021.

    2.    <u>Trustee's Recommendation to the Court</u>.  The Trustee cannot recommend confirmation of the Chapter 13 Plan at this time for the following reason(s):

    3.    It does not appear that the Debtor has dedicated all disposable income to the proposed Plan as required by 11 U.S.C. §1325(b)(1)(B).

    a. The Trustee hereby requests/has requested the following additional documents pursuant to the District-wide Administrative Order Prescribing Procedures for Chapter 13 Cases, to determine if the Debtor has dedicated all disposable income to the Plan:

      income tax return for 2020;
      proof of medical and dental expenses for January 2021 – April 2021.

    b. The Debtor is paying for the following luxury items:

      $500.00/month for private school tuition;
      Real property in Maryland with expenses of $2,289.00/month.

    c. Debtor is an under median debtor as defined by 11 U.S.C. §1325(b)(4), therefore, the plan must be a 36 month Plan or debtor must pay his unsecured creditors in full.

    d. Pursuant to the District-wide Administrative Order Prescribing Procedures for Chapter 13 Cases, Debtor shall timely file all tax returns and make all tax payments and deposits when due.  (However, if Debtor is not required to file tax returns, Debtor shall provide Trustee with a statement to that effect.)  For each tax return that becomes due after the case is filed, Debtor shall provide a complete copy of the tax return, including business returns if Debtor owns a business, together with all related W-2's and Form 1099's to the Trustee within 14 days of

filing the return. Unless otherwise consented to by the Trustee or ordered by the Court, Debtor shall turn over to the Trustee all tax refunds in addition to regular Plan payments, beginning with the tax year 2018.  Debtor shall not instruct the Internal Revenue Service or other taxing agency to apply a refund to the following year's tax liability.  **Debtor shall spend no tax refunds without first having obtained the Trustee's written consent or court approval.**

    4.    The Plan violates 11 U.S.C. §1325(a)(4) because it does not pay unsecured creditors the value of what they would receive in a case under Chapter 7.

    a. The Trustee hereby requests/has requested the following additional documents pursuant to the  District-wide Administrative Order Prescribing Procedures for Chapter 13 Cases, to determine if the Debtor has met the best interests of creditors test:

> income tax return for 2020
> proof of all tenants by entirety exemptions;
> all Trust fund documents with inventory, if any;
> proof of date of receipt and use of $625,000.00 received on September 11, 2019.

    b. The Debtor's Schedule C attempts to claim 100% of the value of certain assets as exempt, when only a specific dollar value is permitted to be claimed as exempt.  An Amended Schedule C must be filed.  Alternatively, Debtor must provide an appraisal of any property for which 100% of the fair market value is claimed as exempt.

    c. The Trustee is uncertain that the value of certain assets listed on Schedule(s) A and/or B is correct.  Unless otherwise agreed, the Debtor must obtain an appraisal of the assets pursuant to the District-wide Administrative Order Prescribing Procedures for Chapter 13 Cases FLMB-2016-2.

    5.    To meet the requirements of 11 U.S.C. §1325(a)(4) and/or 11 U.S.C. §1325(b)(1)(B) the Debtor must dedicate any and all lawsuits, claims or any other right to receiving money to the Plan.

    6.    Attorney's fees are in such an amount that a fee application should be filed.

    7.    An Amended 2016(b), and/or Plan, needs to be filed to show the correct amount paid or to be paid to counsel for attorney fees, for a maximum of $4,500.00, as the standard fee in a Chapter 13 case across the Middle District of Florida.

/s/ Michael E. Cecil
Michael E. Cecil, Esquire
Florida Bar No. 722855
Staff Attorney for Chapter 13 Trustee
P.O.  Box 25001
Bradenton, Florida 34206-5001
Phone:   (941) 747-4644
Fax:       (941) 750-9266

## **CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that a true and correct copy of the foregoing Trustee's Unfavorable Recommendation and Objections to Confirmation of the Plan has been furnished electronically by CM/ECF services and/or by U.S. Mail to **Gregory Brian Myers**, Debtor, 700 Gulf Shore Boulevard North, Naples, FL 34102, **Undine C. George, Esquire**, Attorney for Debtor, c/o Anastasia Law, PL, 107 A 11th Street, Saint Augustine, FL 32080 and the **U.S. Trustee,** 501 East Polk Street, Suite 1200, Tampa, Florida 33602 on this 11th day of May, 2021.

/s/ Michael E. Cecil
Michael E. Cecil, Esquire

JMW/MEC/ss