**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**FORT MYERS DIVISION**

In re:

GREGORY B. MYERS,                                    Case No: 2:21-bk-00123-FMD

　　　　　　Debtor.

_____/

**HORSESHOE DRIVE'S AMENDED MOTION TO CONFIRM THAT THE AUTOMATIC**
**STAY DOES NOT APPLY, AND IN THE ALTERNATIVE, FOR RELIEF FROM THE**
**AUTOMATIC STAY, INCLUDING PROSPECTIVE RELIEF**

　　　　3073 Horseshoe Drive, LLC ("Horseshoe Drive" or "Movant") moves on the following grounds for the entry of an order determining that the automatic stay does not apply to a post-petition state court action filed by Gregory B. Myers (the "Debtor") against Movant, and in the alternative, granting Movant relief from the automatic stay pursuant to section 362(d)(1) of the Bankruptcy Code:

**Background**

　　　　1.　　On January 28, 2021, the Debtor filed a petition under Chapter 13 of the Bankruptcy Code (the "Florida Bankruptcy Case") which initiated this bankruptcy case.

　　　　2.　　On March 18, 2022, the Debtor filed a complaint against Horseshoe Drive bearing Case No. 2022-CA-0453, in the Circuit Court of Collier County, Florida (the "Collier County Action"). A copy of the Debtor's complaint filed in the Collier County Action is attached as **Exhibit "A."** Movant owns a parcel of vacant land located at 3073 Horseshoe Drive North in Collier County, Florida (the "Property"). In the Collier County Action, the Debtor asserts a breach of contract claim against Horseshoe Drive based on an alleged unsigned contact to purchase the Property dated February 2, 2022 that was not signed or accepted by Horseshoe Drive.

3.     In connection with the Collier County Action the Debtor filed a Lis Pendens claiming an interest in the Property.  A copy of the Lis Pendens is attached as **Exhibit "B."**

4.     On the same day that the Debtor filed the Collier County Action, Horseshoe Drive entered into a contract to sell the Property to a third-party purchaser (the "Purchaser") for a purchase price of $5,400,000.00.   A closing date for this sale was set for June 1, 2022.

5.     The Debtor never served the Collier County Action or Lis Pendens on Horseshoe Drive. Horseshoe Drive discovered the Collier County Action and Lis Pendens on or about May 26, 2022 based on a title search obtained by the Purchaser.  Horseshoe Drive has been unable to close on a sale of the Property because the Debtor filed the Collier County Action and Lis Pendens.  Moreover, Horseshoe Drive will not be able to sell the Property until the Collier County Action is resolved.

6.     After learning of the Collier County Action, Horseshoe Drive immediately sought to defend the action by filing a motion to dismiss which was set for hearing on June 14, 2022.  A copy of this Notice of Hearing regarding the June 14th hearing is attached as **Exhibit "C."**

7.     Approximately an hour before the June 14th hearing the Debtor filed an amended complaint which rendered Horseshoe Drive's initial motion to dismiss moot.  **Exhibit "D."**

8.     Thereafter, Horseshoe Drive filed another motion to dismiss directed at the Debtor's amended complaint, which was set for hearing on June 20, 2022, at 1:20 p.m.  A copy of this second Notice of Hearing regarding the June 20th hearing is attached as **Exhibit "E."**

9.      However, before the June 20th hearing, the Debtor purportedly transferred his claim against Horseshoe Drive to a trust controlled by the Debtor called the 1712 Property Holding Trust and, on June 19, 2022 (the day before the hearing on Horseshoe Drives second motion to dismiss), filed a bankruptcy petition for the trust in the District of Columbia: *In re 1712 Property Holding Trust,* Chapter

11 Case No. 22-00104 ("1712 Bankruptcy Case").  A copy of the Docket in the 1712 Bankruptcy Case is attached as **Exhibit "F."**

10.     The Debtor filed a Notice of Removal regarding the Collier County Action just minutes into the June 20th hearing. A copy of the Notice of Removal is attached as **Exhibit "G."**  Because of this filing the hearing on Horseshoe Drive's motion to dismiss the amended complaint was further delayed and reset for June 29, 2022 so that Movant could engage bankruptcy counsel to address the stay issue.

11.     On the morning of the June 29th hearing, the Debtor filed a Suggestion of Bankruptcy regarding the 1712 Bankruptcy Case, attempting yet again to delay Horseshoe Drive's efforts to defend the Collier County Action.  A copy of the Suggestion of Bankruptcy is attached as **Exhibit "H."** However, the state court, exercising its concurrent jurisdiction, determined that the stay did not apply, but ultimately denied the motion to dismiss.

**12.**     On July 1, 2022, the United States Bankruptcy Court, District of Columbia, dismissed 1712 Bankruptcy Case for failing to pay the filing fee.  See attached **Exhibit "I."**

13.     The Debtor has filed several motions in or related to the Collier County Action each alleging that the automatic stay impose by section 362(a)(3) of the Bankruptcy Code arising from his Florida Bankruptcy Case prohibits Horseshoe Drive from defending the Collier County Action. Currently pending is a Response and Motion to Convert Appeal to a Petition for Writ of Prohibition filed by the Debtor with the 2nd DCA Court of Appeals dated September 2, 2022, a copy of which is attached as **Exhibit "J."**

14.     In this Appellate Court filing, the Debtor argues that the Circuit Court is acting in excess of its jurisdiction because it is violating the automatic stay and requests a writ of prohibition to restrain the Circuit Court from proceeding with the Collier County Action.

4877-1859-7939

15.     Horseshoe Drive has also filed a motion for summary judgment in the Collier County Action that is set for hearing on November 3, 2022.  Given history, the Debtor will undoubtedly raise some issue regarding the automatic stay in an attempt to delay the state court's consideration of its summary judgment motion.

16.     Additionally, the Debtor and his wife, Barbara Ann Kelly are serial bankruptcy case filers.  Over approximately the last seven years, the Debtor and his wife have filed or caused to be filed the following seven bankruptcy cases across three districts:

- *In re Gregory B. Myers,* Chapter 11 Case No. 15-26033-LSS (Bankr. D. Md. 2015).

- *In re Gregory Brian Myers,* Chapter 13 Case No. 19-10392-BLS (Bankr. D. Del. 2019).

- *In re Gregory B. Myers,* Chapter 13 Case No. 19-17428-LSS (Bankr. D. Md. 2019).

- *In re Gregory B. Myers,* Chapter 13 Case No. 21-bk-00123-FMD (MD Fla. 2021).

- *In re 1712 Property Holding Trust,* Chapter 11 Case No. 22-00104-ELG (Bankr. D.C. 2022).

- *In re Barbara Ann Kelly-Myers,* Chapter 13 Case No. 18-13244-LSS (Bankr. D. Md. 2018).

- *In re Barbara Ann Kelly-Myers,* Chapter 13 Case No. 18-07142-CED (Bankr. D. Md. 2018).

17.     Moreover, in this case the following seven motions (including related orders) to determine the stay does not apply or for relief from stay have been filed by various parties in interest:

- Expedited Motion to Confirm That the Automatic Stay Does Not Apply, and in the Alternative, for Relief from the Automatic Stay [Dkt. 8].

- Order Granting Expedited Motion to Confirm That the Automatic Stay Does Not Apply, and in the Alternative, for Relief from the Automatic Stay [Dkt. 19].

- Motion to Confirm That the Automatic Stay Does Not Apply, and in the Alternative, for Relief from the Automatic Stay [Dkt. 40].

- Consent Order on Motion to Confirm That the Automatic Stay Does Not Apply, and in the Alternative, for Relief from the Automatic Stay [Dkt. 62].

- Truist Bank, Successor by Merger to SunTrust Bank's Verified Motion for Relief from Automatic Stay to Enforce Final Judgment of Foreclosure Based on Bad Faith and Request for Five Year Injunction Against Refiling and Five Years of Prospective Stay Relief as to Real Property [Dkt. 46].

- Consent Order on Truist Bank, Successor by Merger to SunTrust Bank's Verified Motion for Relief from Automatic Stay to Enforce Final Judgment of Foreclosure Based on Bad Faith and Request for Five Year Injunction Against Refiling and Five Years of Prospective Stay Relief as to Real Property [Dkt. 86].

- Motion for Relief from the Automatic Stay and Co-Debtor Stay and Request for Five Year Injunction Against Refiling and Five Years of Prospective Stay Relief as to Real Property [Dkt. 122].

- Order on U.S. Bank NA, Successor Trustee to Bank of America, NA, Successor in Interest to LaSalle Bank NA, as Trustee, on Behalf of the Holders of the WAMU Mortgage Pass-Through Certificates, Series 2007-OA4's Motion for Relief from the Automatic Stay and Co-Debtor Stay and Request for Five Year Injunction Against Refiling and Five Years of Prospective Stay Relief as to Real Property [Dkt. 165],

- Brian King, Cristina King and the Cristina and Brian King Children's Trust's Amended Motion for Relief from the Automatic Stay [Dkt. 145].

- Order Granting Brian King, Cristina King and the Cristina and Brian King Children's Trust's Amended Motion for Relief from the Automatic Stay [Dkt. 168].

- United States Trustees' Motion for Relief from the Automatic Stay to Allow Debtor's Appeal to Proceed [Dkt. 174].

- Order Granting United States Trustees' Motion for Relief from the Automatic Stay to Allow Debtor's Appeal to Proceed [Dkt. 188].

18.     Each of the forgoing motions was granted and a review of these motions reflects a pattern of dilatory litigation tactics by the Debtor and an abuse of the bankruptcy process.  In connection with this motion, Movant requests the Court to take judicial notice of these filings.

### The Automatic Stay Does Not Apply to Stay Actions Filed by the Debtor

19.     Section 362 of the Bankruptcy Code provides an automatic stay of "the commencement or continuation ... of a judicial administrative, or other action or proceeding *against* the debtor."  11 U.S.C. § 362(a)(1) (emphasis added).  "[A]s the plain language of the statute suggests, and as no less than six circuits have concluded, the Code's automatic stay does not apply to judicial proceedings, such

as this suit, that were initiated by the debtor." *Brown v. Armstrong*, 949 F.2d 1007, 1009–10 (8th Cir. 1991).

20.     This interpretation of the plain language of Section 362 has become black letter law. *See BUC Intl. Corp. v. Intl. Yacht Council, Ltd.*, 02-60772-CIV, 2007 WL 9760005, at *1 (S.D. Fla. Sept. 21, 2007) ("By the plain language of the statute the automatic stay provision only applies to any "action or proceeding *against* the debtor," and not to suits, such as the instant suit, *initiated by* the debtor."); *In re Rogers*, 251 B.R. 626, 629 (Bankr. N.D. Fla. 2000) ("It is clear that § 362 does not stay the hand of the trustee from continuing to prosecute a pre-bankruptcy lawsuit initiated by the debtor." (citation omitted)). *In re Merrick*, 175 B.R. 333, 338 (Bankr. App. 9th Cir. 1994) ("Given this freedom for the debtor or the trustee to prosecute the debtor's claims, an equitable principle of fairness requires a defendant to be allowed to defend himself from the attack without imposing on him a gratuitous impediment in dealing with an adversary who suffers no correlative constraint. The automatic stay should not tie the hands of a defendant while the plaintiff debtor is given free rein to litigate."); *In re Association of St. Croix Condominium Owners v. St. Croix Hotel Corp.*, 682 F.2d 446, 448 (3d Cir. 1982) (provisions creating the automatic stay "do not address actions brought by the debtor which would inure to the benefit of the bankruptcy estate"); *Rett White Motor Sales Co. v. Wells Fargo Bank*, 99 B.R. 12, 15 (N.D. Cal. 1989) (action against a defendant "is not a claim against the debtor ... [t]here is simply no language in Section 362(a) designed to stay actions initiated by the debtor. Rather, there is language which specifies that actions against the debtors are those which should be halted").

21.     Accordingly, the automatic stay does not apply to the Collier County Action or any appeal thereof.

4877-1859-7939

**To the Extent the Stay is Applicable, Stay Relief is Warranted Pursuant to § 362(d)(1)**

22.     Assuming for arguments sake that the stay does apply, relief from stay should be granted for "cause." *In re Dixie Broadcasting, Inc.,* 871 F.2d 1023 (11th Cir. 1989) (finding that bad faith commencement of a case may constitute cause for stay relief). The totality of the circumstances shows that the Debtor is using the bankruptcy process as dilatory tool to avoid adjudication of the Collier County Acton on the merits. The Debtor attempted to use the 1712 Bankruptcy Petition to stay the Collier County Action. When that failed, he reverted to using his bankruptcy case in an attempt to invoke a stay and hinder Movant from defending the Collier County Action and lawfully selling its Property.

23.     Additionally, cause exist to terminate the stay on simple fairness grounds. The Debtor chose the state court forum to pursue a state law claim against Horseshoe Drive that purportedly arose after the petition date. It would be highly prejudicial to allow the Debtor to use the automatic stay as a sword to frustrate Movant's efforts to defend the Collier County Action. Moreover, the Collier County Action has little, if anything, to do with the adjustment of the debtor/creditor relationship, shielding the estate from creditor lawsuits or the seizure of estate property, the Debtor's discharge, or anything else meaningfully impacting the administration of the Debtor's bankruptcy case. Accordingly, if the stay somehow applies, it should be terminated to allow Movant to defend the Collier County Action.

**To the Extent the Stay is Applicable, the Court should use its Broad**
**Power Under § 105(a) to Order Prospective Stay Relief Consistent With § 362(d)(1)**

24.     Horseshoe Drive also requests prospective stay relief in light of the Debtor's serial bankruptcy filings and his repeated attempts to use bankruptcy to hinder and delay Movant's legal right to sell its Property. The 1712 Bankruptcy Petition was filed on the eve of a hearing on Movant's motion to dismiss to hinder and delay the Collier County Action. However, that bankruptcy case was, however dismissed and the Debtor is now attempting to use his own bankruptcy filing as a delaying tactic.

4877-1859-7939

25.     Under 11 U.S.C. § 105(a) and 349(a) bankruptcy courts may grant prospective relief from the automatic stay and to prohibit future bankruptcy filings. *See In re Blocker,* 411 B.R. 516, 520 (Bankr. S.D. Ga. 2009) (holding that if prohibiting future filing may be deemed necessary and appropriate to carry out the provisions of Bankruptcy Code §105(a), so must the more moderate remedy of granting prospective relief from the automatic stay).   Given the Debtor's dilatory use of serial bankruptcy filings, prospective stay relief in connection with any further bankruptcy filings by the Debtor or any of his affiliates is appropriate.

**WHEREFORE,** Movant respectfully request the Court (i) enter an order confirming that the automatic stay imposed 11 U.S.C. § 362 does not apply to the Collier County Action or any appeal thereof; (ii) enter an order granting Horseshoe Drive relief from the automatic stay to allow it to fully defend the Collier County Action if the Court determines the automatic stay does apply; and (iii) granting such other and further relief as this Court deems necessary and appropriate.

4877-1859-7939

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was filed on September 21, 2022, using the Court's CM/ECF system to serve all registered users and served by regular U.S. Mail to the parties on the attached mailing matrix not currently registered to receive electronic notices and via email to the *pro se* party listed below:

Gregory B. Myers, *pro se*
700 Gulf Shore Blvd. N.
Naples, Florida 34102
(301) 325-2312
gregbmyers@verizon.net

/s/ *Edwin G. Rice*
Edwin G. Rice
Florida Bar: 855944
Bradley Arant Boult Cummings LLP
100 N. Tampa Street, Suite 2200
Tampa, Florida 33602
Primary email: erice@bradley.com
Secondary email: rmeadows@bradley.com
Telephone: (813) 559-5500
Facsimile: (813) 229-5946
*Attorney for 3073 Horseshoe Drive, LLC*

4877-1859-7939

Filing # 146031573 E-Filed 03/18/2022 10:38:30 PM



**IN THE CIRCUIT COURT OF THE TWENTIETH JUDICIAL CIRCUIT
IN AND FOR COLLIER COUNTY, FLORIDA
CIVIL DIVISION**

GREGORY B. MYERS,

       Plaintiff,

                         Case No. 22-CA-_____

v.

3073 HORSESHOE DRIVE LLC,

       Defendant.

_____/

## COMPLAINT

COMES NOW the Plaintiff, GREGORY B. MYERS ("Plaintiff"), and sues Defendant 3073

HORSESHOE DRIVE LLC ("Defendant"), and alleges:

### JURISDICTION AND PARTIES

1.      This is an action for breach of contract for an amount that is in excess of $30,000.00,

exclusive of interest, costs, and attorney's fees.

2.      The acts complained of herein relate to a "Commercial Contract" for the purchase

and sale of property with street address "3073 S Horseshoe Drive, Naples, FL 34104" and legally

described as "Parcel # 07040000500" and "East Naples Industrial Pk Lots 3 and 4, and Collier

Park of Commerce Retail Center Center Tracts 4, 5, 6, and 7" (hereinafter collectively referred to

as the "Property").

3.      Venue is proper in Collier County, Florida, as that is where the causes of action

accrued and where the Property is located.

1

4.     Plaintiff, as assignee of 1712 Property LLC, is the "Buyer" under the subject contract for the purchase and sale of the Property.

5.     Defendant is the "Seller" under the subject contract for the purchase and sale of the Property.

6.     Plaintiff has performed all conditions precedent to bringing this action, or any such conditions precedent have been met, satisfied or waived.

## COUNT I
### Breach of Contract

7.     Plaintiff restates and re-alleges Paragraphs 1 through 6 above, as if set forth fully herein.

8.     On or around February 3, 2022, Defendant entered into a contract with 1712 Property LLC for the purchase and sale of the Property (hereinafter referred to as the "Contract").

9.     1712 Property LLC subsequently assigned all right, title, and interest in and to the Contract to Plaintiff.

10.     Plaintiff has fully performed its obligations under the Contract.

11.     Defendant has breached the Contract.

12.     As a result of Defendant's breach of the Contract, Plaintiff has lost the benefit of the Contract and has incurred damages.

13.     Plaintiff has no adequate remedy at law.

WHEREFORE, Plaintiff respectfully requests this Court enter judgment in his favor and against Defendant awarding Plaintiff specific performance of the Contract, costs, attorneys' fees, and such other and further relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury of all claims and issues so triable.

Respectfully submitted,

/s/ Gregory B. Myers
Gregory B. Myers, *pro se*
700 Gulf Shore Blvd. N.
Naples, Florida 34102
(301) 325-2312
gregbmyers@verizon.net

Filing # 146031573 E-Filed 03/18/2022 10:38:30 PM



## IN THE CIRCUIT COURT OF THE TWENTIETH JUDICIAL CIRCUIT
## IN AND FOR COLLIER COUNTY, FLORIDA
### CIVIL DIVISION

GREGORY B. MYERS,

      Plaintiff,

Case No. 22-CA-_____

v.

3073 HORSESHOE DRIVE LLC,

      Defendant.

_____/

### NOTICE OF LIS PENDENS

**TO:   3073 HORSESHOE DRIVE LLC and all others whom it may concern:**

**YOU ARE HEREBY NOTIFIED** of the filing of a Complaint in this action against you

for breach of contract for the purchase and sale of the following property in Collier County,

Florida:

      Parcel # 07040000500

      East Naples Industrial Pk Lots 3 and 4, and Collier Park of Commerce Retail Center
      Center Tracts 4, 5, 6, and 7.

DATED this 18th day of March, 2022.

                /s/ Gregory B. Myers
                Gregory B. Myers, *pro se*
                700 Gulf Shore Blvd. N.
                Naples, Florida 34102
                (301) 325-2312
                gregbmyers@verizon.net



**IN THE CIRCUIT COURT OF THE TWENTIETH JUDICIAL CIRCUIT
IN AND FOR COLLIER COUNTY, FLORIDA    CIVIL DIVISION**

**GREGORY B. MYERS**

     **Plaintiff,**                                                Case No: 2022-CA-0453

vs.

**3073 HORSESHOE DRIVE LLC**

     **Defendant.**

_____/

<u>**AMENDED NOTICE OF EVIDENTIARY HEARING**</u>

<u>**CONFIRMATION # 403625**</u>

To:

Gregory B. Myers
700 Gulf Shore Blvd. N.
Naples, Florida 34102
<u>gregbmyers@verizon.net</u>

By AMENDED Order Setting Evidentiary Hearing (attached), there will be an evidentiary

hearing before the Honorable Judge Lauren L. Brodie on **June 14, 2022 at 10:45a.m.**

CONDUCTED VIA ZOOM, on the following issue:

MOTION TO DISMISS PLAINTIFF'S COMPLAINT WITH PREJUDICE;

MOTION FOR ORDER TO SHOW CAUSE WHY THE COMPLAINT SHOULD NOT BE
DISMISSED WITH PREJUDICE; AND

MOTION TO DISCHARGE THE LIS PENDENS NOT FOUNDED ON A RECORDED
INSTRUMENT

30 minutes have been reserved for this hearing.

**The parties must appear via ZOOM. The Zoom link is https://zoom.us. The ZOOM Meeting ID is 951-7278-1194 and Password is 821089.**

If you are represented by an attorney or plan to retain an attorney for this matter, you should notify the attorney of this hearing.

If this matter is resolved, the moving party shall contact the judge's office to cancel this hearing.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished by Email and U.S. Mail to the defendant's address listed below on the Service List on June 9, 2022.

By: Linda Fink
Florida Bar: 1008292
John N. Brugger, Esq.
Florida Bar: 0340502
600 5th Ave South, Suite 207
Naples, Florida 34102
(239) 263-6000
Attorneys for Defendant
Email: jbrugger@forsythbrugger.com

## SERVICE LIST

Gregory B. Myers, *pro se*
700 Gulf Shore Blvd. N.
Naples, Florida 34102
(301) 325-2312
gregbmyers@verizon.net

**IN THE CIRCUIT COURT OF THE TWENTIETH JUDICIAL CIRCUIT IN AND FOR COLLIER COUNTY, FLORIDA**                                        **CIVIL ACTION**

GREGORY B. MYERS,
    Plaintiff,

vs.                                                                                                    CASE NO: 22-CA-453

3073 HORSESHOE DRIVE, LLC,
    Defendant.

_____/

## AMENDED ORDER SETTING EVIDENTIARY HEARING
### *amended to allow parties to appear via zoom

**THIS COURT** hereby gives notice and sets a hearing on Defendant's Motion to Dismiss Plaintiff's Complaint, Motion for Order to Show Cause Why the Complaint Should not be Dismissed, Motion for Discharge of Lis Pendens not Founded on a Recorded Instruments and Request for Evidentiary Hearing filed June 7, 2022 in this matter. The hearing on the said motions are scheduled for <u>Tuesday, June 14, 2022 at 10:45 a.m.</u> 30 minutes have been reserved for the same. The parties must appear via Zoom. The Zoom link is https://zoom.us. **The ZOOM Meeting ID is 951-7278-1194 and Password is 821089.** The Zoom App is available for free for IOS and Android devices, and it may also be accessed via desktop computer. You do not need an account and you do not have to pay a fee to use this service. Please visit the Zoom Help Center at https://support.zoom.us to familiarize yourself with the service before your court date.

*<u>The hearing shall not be cancelled unless expressly permitted by the Court. Mandatory personal appearance of counsel of record is required. No telephonic appearance is allowed.</u>*

**DONE AND ORDERED** in Chambers, Naples, Collier County, Florida this

_9_ day of June, 2022.

_Lauren L. Brodie_
_____
Lauren L. Brodie, Circuit Court Judge

JUDGE BRODIE'S COURTROOM IS A SCENT-FREE COURTROOM. PLEASE
ENSURE THAT YOU, YOUR CLIENTS, WITNESSES, COURT REPORTERS &
SUPPORT STAFF DO NOT WEAR ANY SCENTED PRODUCTS TO JUDGE
BRODIE'S COURTROOM. THANK YOU.

"If you are a person with a disability who needs any accommodation in
order to participate in this proceeding, you are entitled, at no cost to you, to the
provision of certain assistance. Please contact Charles Rice, Administrative
Services Manager, whose office is located at 3315 Tamiami Trail East, Suite
501, Naples, Florida 34112, and whose telephone number is (239) 252-8800, at
least 7 days before your scheduled court appearance, or immediately upon
receiving this notification if the time before the scheduled appearance is less
than 7 days; if you are hearing or voice impaired, call 711."

<u>Copies will be emailed to counsel of record via Clerk:</u>

Linda Fink, Esq.

Gregory Myers
700 Gulf Shore Blvd N
Naples, FL 34102
Mailed 6/9/22

**IN THE CIRCUIT COURT OF THE TWENTIETH JUDICIAL CIRCUIT**
**IN AND FOR COLLIER COUNTY, FLORIDA    CIVIL DIVISION**

**GREGORY B. MYERS**

   **Plaintiff,**        Case No: 2022-CA-0453

**vs.**

**3073 HORSESHOE DRIVE LLC**

   **Defendant.**

_____/

## NOTICE OF EVIDENTIARY HEARING

## CONFIRMATION # 403625

To:

Gregory B. Myers
700 Gulf Shore Blvd. N.
Naples, Florida 34102
gregbmyers@verizon.net

---

By Order Setting Evidentiary Hearing (attached), there will be an evidentiary hearing before the

Honorable Judge Lauren L. Brodie on **June 14, 2022 at 10:45a.m.** CONDUCTED IN PERSON

in Courtroom 2-1 at the Collier County Courthouse, 3315 East Tamiami Trail, Naples, FL 34112,

on the following issue:

MOTION TO DISMISS PLAINTIFF'S COMPLAINT WITH PREJUDICE;

MOTION FOR ORDER TO SHOW CAUSE WHY THE COMPLAINT SHOULD NOT BE
DISMISSED WITH PREJUDICE; AND

MOTION TO DISCHARGE THE LIS PENDENS NOT FOUNDED ON A RECORDED
INSTRUMENT

30 minutes have been reserved for this hearing.

If you are represented by an attorney or plan to retain an attorney for this matter, you should notify the attorney of this hearing.

If this matter is resolved, the moving party shall contact the judge's office to cancel this hearing.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished by Email and U.S. Mail to the defendant's address listed below on the Service List on June 8, 2022.

By: Linda Fink
Florida Bar: 1008292
John N. Brugger, Esq.
Florida Bar: 0340502
600 5th Ave South, Suite 207
Naples, Florida 34102
(239) 263-6000
Attorneys for Defendant
Email: jbrugger@forsythbrugger.com

## SERVICE LIST

Gregory B. Myers, *pro se*
700 Gulf Shore Blvd. N.
Naples, Florida 34102
(301) 325-2312
gregbmyers@verizon.net

IN THE CIRCUIT COURT OF THE TWENTIETH JUDICIAL CIRCUIT IN AND FOR
COLLIER COUNTY, FLORIDA                                              CIVIL ACTION

GREGORY B. MYERS,
        Plaintiff,

vs.                                            CASE NO: 22-CA-453

3073 HORSESHOE DRIVE, LLC,
        Defendant.
_____/

## ORDER SETTING EVIDENTIARY HEARING

THIS COURT hereby gives notice and sets a hearing on Defendant's Motion to Dismiss

Plaintiff's Complaint, Motion for Order to Show Cause Why the Complaint Should not be

Dismissed, Motion for Discharge of Lis Pendens not Founded on a Recorded Instruments and

Request for Evidentiary Hearing filed June 7, 2022 in this matter. The hearing on the said

motions are scheduled for <u>Tuesday, June 14, 2022 at 10:45 a.m.</u> and will be conducted in

person in Courtroom 2-1 at the Collier County Courthouse, 3315 East Tamiami Trail, Naples,

FL 34112. 30 minutes have been reserved for the same. *The hearing shall not be cancelled*

*unless expressly permitted by the Court. Mandatory personal appearance of counsel of record is*

*required. No telephonic appearance is allowed.*

DONE AND ORDERED in Chambers, Naples, Collier County, Florida this

___8___ day of June, 2022.

*Lauren L. Brodie*
_____
Lauren L. Brodie, Circuit Court Judge

JUDGE BRODIE'S COURTROOM IS A SCENT-FREE COURTROOM. PLEASE ENSURE THAT YOU, YOUR CLIENTS, WITNESSES, COURT REPORTERS & SUPPORT STAFF DO NOT WEAR ANY SCENTED PRODUCTS TO JUDGE BRODIE'S COURTROOM. THANK YOU.

"If you are a person with a disability who needs any accommodation in order to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance. Please contact Charles Rice, Administrative Services Manager, whose office is located at 3315 Tamiami Trail East, Suite 501, Naples, Florida 34112, and whose telephone number is (239) 252-8800, at least 7 days before your scheduled court appearance, or immediately upon receiving this notification if the time before the scheduled appearance is less than 7 days; if you are hearing or voice impaired, call 711."

<u>Copies will be emailed to counsel of record via Clerk:</u>

Linda Fink, Esq.

Gregory Myers
700 Gulf Shore Blvd N
Naples, FL 34102

**Jack Brugger**

| | |
|---|---|
| **From:** | 20th Circuit (Collier) JACS AUTO-MAIL <jacs@ca.cjis20.org> |
| **Sent:** | Wednesday, June 8, 2022 5:00 PM |
| **To:** | Jack Brugger |
| **Subject:** | Hearing Confirmation (Case #: 22-CA-453 CalDate: 06/14/2022 Confirmation #: 403625) |

*************** 20th Circuit (Collier) JACS AUTO-EMAIL ***************
     JUDGE LAUREN BRODIE
     JUDGE LAUREN BRODIE
***********************************************************************

Hearing Confirmation on 06/14/2022 at 10:45 am for 30 minutes

> Case # : 22-CA-453
> Motion : EVIDENTIARY HEARING
> Attorney : PRO SE
> Plaintiff : GREGORY B. MYERS
> Opposing Attorney : FINK, LINDA
> Defendant : 3073 HORSESHOE DRIVE LLC
> Confirmation # : 403625

*** Please do not reply to this email ***

-------------------------------------------------------------
This email may contain confidential and/or privileged information.
If you are not the intended recipient (or have received this email in error) please destroy this email.
-------------------------------------------------------------

1



## IN THE CIRCUIT COURT OF THE TWENTIETH JUDICIAL CIRCUIT
## IN AND FOR COLLIER COUNTY, FLORIDA

GREGORY B. MYERS,

      Plaintiff,

v.                                Case No.: 2022-CA-0453

3073 HORSESHOE DRIVE LLC,

      Defendant.

_____/

### FIRST AMENDED COMPLAINT

Plaintiff, Gregory B. Myers ("Plaintiff") files this First Amended Complaint and sues Defendant 3073 Horseshoe Drive LLC ("Defendant") and alleges:

### JURISDICTION AND PARTIES

1.      This is an action involving a commercial real estate contract for amounts in excess of $30,000.00, exclusive of interest, costs, and attorneys' fees.

2.      Venue is proper in Collier County, Florida, as that is where the causes of action accrued and where the Property is located.

### COUNT I
### BREACH OF CONTRACT

3.      On or about February 3, 2022, "3073 Horseshoe Drive LLC" as "Seller" and "1712 Property LLC and/or assigns" as "Buyer" entered into a "Commercial Contract" (the "Contract") for the property at street address 3073 S Horseshoe Drive, Naples, FL 34104 and legally described as "Parcel # 07040000500" and "East Naples Industrial Pk Lots 3 and 4, and Collier Park of Commerce Retail Center Center Tracts 4, 5, 6, and 7" (collectively, the "Property"). A copy of the "Commercial Contract" and electronic text messages between "Seller" and "Buyer" are attached hereto as **Composite Exhibit A**.

1

4.      Pursuant to the terms of the Contract, 1712 Property LLC deposited $10,000.00 with Naples Title, Inc., which deposit remains in escrow with the escrow agent, Tim Toole, Naples Title, Inc.

5.      On March 11, 2022, 1712 Property LLC assigned all rights, title, and interest in and to the Contract to Gregory B. Myers, individually (the "Assignment"). A copy of the Assignment is attached hereto as **Exhibit B**.

6.      Plaintiff has fully performed under the Contract, and Plaintiff has performed all conditions precedent to bringing this action, or any such conditions precedent have been met, satisfied, or waived.

7.      Defendant has breached the Contract.

8.      As a result of Defendant's breach of the Contract, Plaintiff has lost the benefit of the Contract and has incurred damages. Real estate is a unique asset and Plaintiff has no adequate remedy at law since Plaintiff cannot be made whole by money damages alone.

WHEREFORE, Plaintiff respectfully requests that the Court enter judgment in his favor and against Defendant, awarding Plaintiff specific performance of the Contract, plus interest, attorneys' fees, costs, and such other and further relief as is proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury of all claims and issues so triable.

RESPECTFULLY SUBMITTED on this 14th day of June, 2022.

/s/ Gregory B. Myers
Gregory B. Myers, *pro se*
700 Gulf Shore Blvd. N.
Naples, Florida 34102
(301) 325-2312
gregbmyers@verizon.net

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on June 14, 2022, the foregoing FIRST AMENDED COMPLAINT was filed electronically with the Florida Courts E-Filing Portal system, and a copy of same was furnished via electronic mail to the following:

Linda Fink, Esq.
John N. Brugger, Esq.
Forsyth & Brugger, P.A.
600 Fifth Avenue South, Suite 207
Naples, FL 34102
jbrugger@forsythbrugger.com
*Attorneys for Defendant*

/s/ Gregory B. Myers
Gregory B. Myers, *pro se*

# Exhibit A



## Commercial Contract

1    **1. PARTIES AND PROPERTY:** <u>1712 Property LLC and/or assigns</u>

2    agrees to buy and <u>3073 Horseshoe Drive LLC</u> _____ ("Buyer")

3    agrees to sell the property at: _____ ("Seller")

4    Street Address: <u>3073 S Horseshoe Dr.</u>

5    <u>Naples, FL 34104</u>

6    Legal Description: <u>Parcel # 07040000500</u>

7    _____

8    and the following Personal Property: <u>East Naples Industrial Pk Lots 3 and 4, and Collior Park of Commorco Retail</u>

9    <u>Center Center Tracts 4, 5, 6, and 7. Vacant Land comprising approximately 4.78 AC.</u>

10   (all collectively referred to as the "Property") on the terms and conditions set forth below.

11   **2. PURCHASE PRICE:**                                                                      $ _____5,000,000.00

12      (a). Deposit held in escrow by: _____ Tim Toole, Naples Title, Inc.

13      ("Escrow Agent") (checks are subject to actual and final collection)   $ _____

14      Escrow Agent's address: 5150 Tamiami Trl N #603 Naples 34103 Phone: (239)643-1844

15      (b) Additional deposit to be made to Escrow Agent

16      ☐ within _____ days (3 days, if left blank) after completion of Due Diligence Period or

17      ☒ within __3__ days after Effective Date                                    $ _____10,000.00

18      (c) Additional deposit to be made to Escrow Agent

19      ☒ within __3__ days (3 days, if left blank) after completion of Due Diligence Period or

20      ☐ within _____ days after Effective Date                                    $ _____90,000.00

21      (d) Total financing (see Paragraph 5)                                         $ _____

22      (e) Other _____                      $ _____

23      (f) All deposits will be credited to the purchase price at closing.

24      Balance to close, subject to adjustments and prorations, to be paid

25      via wire transfer.                                                           $ _____4,900,000.00

26   For the purposes of this paragraph, "completion" means the end of the Due Diligence Period or upon delivery of

27   Buyer's written notice of acceptability.

28   **3. TIME FOR ACCEPTANCE; EFFECTIVE DATE; COMPUTATION OF TIME:** Unless this offer is signed by Seller

29   and Buyer and an executed copy delivered to all parties on or before _____ February 3, 2022 _____, this offer

30   will be withdrawn and the Buyer's deposit, if any, will be returned. The time for acceptance of any counter offer will be

31   3 days from the date the counter offer is delivered. The "Effective Date" of this Contract is the date on which the

32   last one of the Seller and Buyer has signed or initialed and delivered this offer or the final counter offer or

33   _____. Calendar days will be used when computing time periods, except time periods of 5

34   days or less. Time periods of 5 days or less will be computed without including Saturday, Sunday, or national legal

35   holidays. Any time period ending on a Saturday, Sunday, or national legal holiday will extend until 5:00 p.m. of the next

36   business day. Time is of the essence in this Contract.

37   **4. CLOSING DATE AND LOCATION:**

38      (a) Closing Date: This transaction will be closed on _____ May 19, 2022 _____ (Closing Date), unless

39      specifically extended by other provisions of this Contract. The Closing Date will prevail over all other time periods

40      including, but not limited to, Financing and Due Diligence periods. In the event insurance underwriting is suspended

Buyer ( GBM ) ( _____ ) and Seller ( _____ ) ( _____ ) acknowledge receipt of a copy of this page, which is Page 1 of 8 Pages.

CC-5    Rev. 8/17
Lee & Associates | Naples – Ft. Myers, 11215 Metro Pkwy, Bldg 1, Suite 1 Fort Myers FL 33966
Lee & Associates
Produced with Lone Wolf Transactions (zipForm Edition) 717 N Harwood St, Suite 2200, Dallas, TX 75201   www.lwolf.com
Phone: 2392107650      Fax:                ©2017 Florida Realtors®
3073 Horseshoe Dr

41      on Closing Date and **Buyer** is unable to obtain property insurance, **Buyer** may postpone closing up to 5 days after
42      the insurance underwriting suspension is lifted.

43      **(b) Location:** Closing will take place in _____ County, Florida. (If left blank, closing will take place in the
44      county where the property is located.) Closing may be conducted by mail or electronic means.

45      ~~**5. THIRD PARTY FINANCING:**~~

46      ~~**BUYER'S OBLIGATION:** On or before _____ days (5 days if left blank) after Effective Date, Buyer will apply for third~~
47      ~~party financing in an amount not to exceed _____% of the purchase price or $ _____, with a fixed~~
48      ~~interest rate not to exceed _____% per year with an initial variable interest rate not to exceed _____%, with points or~~
49      ~~commitment or loan fees not to exceed _____% of the principal amount, for a term of _____ years, and amortized~~
50      ~~over _____ years, with additional terms as follows:~~
51      ~~_____~~

52      ~~Buyer will timely provide any and all credit, employment, financial and other information reasonably required by any~~
53      ~~lender. Buyer will use good faith and reasonable diligence to (i) obtain Loan Approval within _____ days (45 days if left~~
54      ~~blank) from Effective Date (Loan Approval Date), (ii) satisfy terms and conditions of the Loan Approval, and (iii) close~~
55      ~~the loan. Buyer will keep Seller and Broker fully informed about loan application status and authorizes the mortgage~~
56      ~~broker and lender to disclose all such information to Seller and Broker. Buyer will notify Seller immediately upon~~
57      ~~obtaining financing or being rejected by a lender. CANCELLATION: If Buyer, after using good faith and reasonable~~
58      ~~diligence, fails to obtain Loan Approval by Loan Approval Date, Buyer may within _____ days (3 days if left blank)~~
59      ~~deliver written notice to Seller stating Buyer either waives this financing contingency or cancels this Contract.~~
60      ~~If Buyer does neither, then Seller may cancel this Contract by delivering written notice to Buyer at any time thereafter.~~
61      ~~Unless this financing contingency has been waived, this Contract shall remain subject to the satisfaction, by closing, of~~
62      ~~those conditions of Loan Approval related to the Property. DEPOSIT(S) (for purposes of Paragraph 5 only): If Buyer~~
63      ~~has used good faith and reasonable diligence but does not obtain Loan Approval by Loan Approval Date and~~
64      ~~thereafter either party elects to cancel this Contract as set forth above or the lender fails or refuses to close on or~~
65      ~~before the Closing Date without fault on Buyer's part, the Deposit(s) shall be returned to Buyer, whereupon both~~
66      ~~parties will be released from all further obligations under this Contract, except for obligations stated herein as surviving~~
67      ~~the termination of this Contract. If neither party elects to terminate this Contract as set forth above or Buyer fails to use~~
68      ~~good faith or reasonable diligence as set forth above, Seller will be entitled to retain the Deposit(s) if the transaction~~
69      ~~does not close. For purposes of this Contract, "Loan Approval" means a statement by the lender setting forth the terms~~
70      ~~and conditions upon which the lender is willing to make a particular mortgage loan to a particular buyer. Neither a pre-~~
71      ~~approval letter nor a prequalification letter shall be deemed a Loan Approval for purposes of this Contract.~~

72      **6. TITLE:** Seller has the legal capacity to and will convey marketable title to the Property by ☒ statutory warranty
73      deed ☐ special warranty deed ☐ other _____, free of liens, easements and
74      encumbrances of record or known to **Seller**, but subject to property taxes for the year of closing; covenants,
75      restrictions and public utility easements of record; existing zoning and governmental regulations; and (list any other
76      matters to which title will be subject) _____
77      _____
78 provided there exists at closing no violation of the foregoing and none of them prevents **Buyer's** intended use of the
79 Property as _____

80      **(a) Evidence of Title:** The party who pays the premium for the title insurance policy will select the closing agent
81      and pay for the title search and closing services. **Seller** will, at (check one) ☒ **Seller's** ☐ **Buyer's** expense and
82      within __10__ days after Effective Date or at least _____ days before Closing Date deliver to **Buyer** (check one)
83      ☒ (i.) a title insurance commitment by a Florida licensed title insurer setting forth those matters to be discharged by
84      **Seller** at or before Closing and, upon **Buyer** recording the deed, an owner's policy in the amount of the purchase
85      price for fee simple title subject only to exceptions stated above. If **Buyer** is paying for the evidence of title and
86      **Seller** has an owner's policy, **Seller** will deliver a copy to **Buyer** within 15 days after Effective Date. ☐ (ii.) an
87      abstract of title, prepared or brought current by an existing abstract firm or certified as correct by an existing firm.
88      However, if such an abstract is not available to **Seller**, then a prior owner's title policy acceptable to the proposed
89      insurer as a base for reissuance of coverage may be used. The prior policy will include copies of all policy
90      exceptions and an update in a format acceptable to **Buyer** from the policy effective date and certified to **Buyer** or

Buyer (_GBM_) (_____) and Seller (_____) (_____) acknowledge receipt of a copy of this page, which is Page 2 of 8 Pages.

CC-5   Rev. 9/17                                    ©2017 Florida Realtors®
                 Produced with Lone Wolf Transactions (zipForm Edition) 717 N Harwood St, Suite 2200, Dallas, TX 75201 www.lwolf.com         3073 Horseshoe

DocuSign Envelope ID: 98FB73E9-1C55-403A-9CDE-0537A8C23B42

91  **Buyer's** closing agent together with copies of all documents recited in the prior policy and in the update. If such
92  an abstract or prior policy is not available to **Seller** then (i.) above will be the evidence of title.

93  **(b) Title Examination: Buyer** will, within 15 days from receipt of the evidence of title deliver written notice to **Seller**
94  of title defects. Title will be deemed acceptable to **Buyer** if (1) **Buyer** fails to deliver proper notice of defects or (2)
95  **Buyer** delivers proper written notice and **Seller** cures the defects within ___**5**___ days from receipt of the notice
96  ("Curative Period"). **Seller** shall use good faith efforts to cure the defects. If the defects are cured within the
97  Curative Period, closing will occur on the latter of 10 days after receipt by **Buyer** of notice of such curing or the
98  scheduled Closing Date. **Seller** may elect not to cure defects if **Seller** reasonably believes any defect cannot be
99  cured within the Curative Period. If the defects are not cured within the Curative Period, **Buyer** will have 10 days
100 from receipt of notice of **Seller's** inability to cure the defects to elect whether to terminate this Contract or accept
101 title subject to existing defects and close the transaction without reduction in purchase price.

102 **(c) Survey:** (check applicable provisions below)
103 (i.) [X] **Seller** will, within ___**5**___ days from Effective Date, deliver to **Buyer** copies of prior surveys,
104 plans, specifications, and engineering documents, if any, and the following documents relevant to this
105 transaction:
106 _____
107 prepared for **Seller** or in **Seller's** possession, which show all currently existing structures. In the event this
108 transaction does not close, all documents provided by **Seller** will be returned to **Seller** within 10 days from the
109 date this Contract is terminated.
110 [X] **Buyer** will, at [ ] **Seller's** [X] **Buyer's** expense and within the time period allowed to deliver and examine
111 title evidence, obtain a current certified survey of the Property from a registered surveyor. If the survey reveals
112 encroachments on the Property or that the improvements encroach on the lands of another, [ ] **Buyer** will
113 accept the Property with existing encroachments [X] such encroachments will constitute a title defect to be
114 cured within the Curative Period.

115 **(d) Ingress and Egress: Seller** warrants that the Property presently has ingress and egress.

116 **7. PROPERTY CONDITION: Seller** will deliver the Property to **Buyer** at the time agreed in its present "as is" condition,
117 ordinary wear and tear excepted, and will maintain the landscaping and grounds in a comparable condition. **Seller**
118 makes no warranties other than marketability of title. In the event that the condition of the Property has materially
119 changed since the expiration of the Due Diligence Period, **Buyer** may elect to terminate the Contract and receive a
120 refund of any and all deposits paid, plus interest, if applicable, or require Seller to return the Property to the required
121 condition existing as of the end of Due Diligence period, the cost of which is not to exceed $ _____ (1.5% of
122 the purchase price, if left blank). By accepting the Property "as is", **Buyer** waives all claims against **Seller** for any
123 defects in the Property. (Check (a) or (b))

124 [ ] **(a) As Is: Buyer** has inspected the Property or waives any right to inspect and accepts the Property in its "as is"
125 condition.

126 [X] **(b) Due Diligence Period: Buyer** will, at **Buyer's** expense and within ___**60**___ days from Effective Date ("Due
127 Diligence Period"), determine whether the Property is suitable, in **Buyer's** sole and absolute discretion. During the
128 term of this Contract, **Buyer** may conduct any tests, analyses, surveys and investigations ("Inspections") which
129 **Buyer** deems necessary to determine to **Buyer's** satisfaction the Property's engineering, architectural,
130 environmental properties; zoning and zoning restrictions; flood zone designation and restrictions; subdivision
131 regulations; soil and grade; availability of access to public roads, water, and other utilities; consistency with local,
132 state and regional growth management and comprehensive land use plans; availability of permits, government
133 approvals and licenses; compliance with American with Disabilities Act; absence of asbestos, soil and ground
134 water contamination; and other inspections that **Buyer** deems appropriate. **Buyer** will deliver written notice to
135 **Seller** prior to the expiration of the Due Diligence Period of **Buyer's** determination of whether or not the Property
136 is acceptable. **Buyer's** failure to comply with this notice requirement will constitute acceptance of the Property in
137 its present "as is" condition. **Seller** grants to **Buyer**, its agents, contractors and assigns, the right to enter the
138 Property at any time during the term of this Contract for the purpose of conducting Inspections, upon reasonable
139 notice, at a mutually agreed upon time; provided, however, that **Buyer**, its agents, contractors and assigns enter
140 the Property and conduct Inspections at their own risk. **Buyer** will indemnify and hold **Seller** harmless from
141 losses, damages, costs, claims and expenses of any nature, including attorneys' fees at all levels, and from
142 liability to any person, arising from the conduct of any and all inspections or any work authorized by **Buyer. Buyer**
143 will not engage in any activity that could result in a mechanic's lien being filed against the Property without
144 **Seller's** prior written consent. In the event this transaction does not close, (1) **Buyer** will repair all damages to the

Buyer ( _GBM_ ) ( _____ ) and **Seller** ( _____ ) ( _____ ) acknowledge receipt of a copy of this page, which is Page 3 of 8 Pages.

Produced with Lone Wolf Transactions (zipForm Edition) 717 N Harwood St, Suite 2200, Dallas, TX 76201   www.lwolf.com                ©2017 Florida Realtors®
1073 Horseshoe

DocuSign Envelope ID: 98FB73E9-1C55-403A-9CDE-0537A6C23B42

145 Property resulting from the Inspections and return the Property to the condition it was in prior to conduct of the
146 Inspections, and (2) **Buyer** will, at **Buyer's** expense release to **Seller** all reports and other work generated as a
147 result of the Inspections. Should **Buyer** deliver timely notice that the Property is not acceptable, **Seller** agrees that
148 **Buyer's** deposit will be immediately returned to **Buyer** and the Contract terminated.

149 **(c) Walk-through Inspection:** Buyer may, on the day prior to closing or any other time mutually agreeable to the
150 parties, conduct a final "walk-through" inspection of the Property to determine compliance with this paragraph and
151 to ensure that all Property is on the premises.

152 **8. OPERATION OF PROPERTY DURING CONTRACT PERIOD: Seller** will continue to operate the Property and any
153 business conducted on the Property in the manner operated prior to Contract and will take no action that would
154 adversely impact the Property after closing, as to tenants, lenders or business, if any. Any changes, such as renting
155 vacant space, that materially affect the Property or **Buyer's** intended use of the Property will be permitted ☒ only with
156 **Buyer's** consent ☐ without **Buyer's** consent.

157 **9. CLOSING PROCEDURE:** Unless otherwise agreed or stated herein, closing procedure shall be in accordance with
158 the norms where the Property is located.

159 **(a) Possession and Occupancy: Seller** will deliver possession and occupancy of the Property to **Buyer** at
160 closing. **Seller** will provide keys, remote controls, and any security/access codes necessary to operate all locks,
161 mailboxes, and security systems.

162 **(b) Costs: Buyer** will pay **Buyer's** attorneys' fees, taxes and recording fees on notes, mortgages and financing
163 statements and recording fees for the deed. **Seller** will pay **Seller's** attorneys' fees, taxes on the deed and
164 recording fees for documents needed to cure title defects. If **Seller** is obligated to discharge any encumbrance at or
165 prior to closing and fails to do so, **Buyer** may use purchase proceeds to satisfy the encumbrances.

166 **(c) Documents: Seller** will provide the deed; bill of sale; mechanic's lien affidavit; originals of those assignable
167 service and maintenance contracts that will be assumed by **Buyer** after the Closing Date and letters to each
168 service contractor from **Seller** advising each of them of the sale of the Property and, if applicable, the transfer of its
169 contract, and any assignable warranties or guarantees received or held by **Seller** from any manufacturer,
170 contractor, subcontractor, or material supplier in connection with the Property; current copies of the condominium
171 documents, if applicable; assignments of leases, updated rent roll; tenant and lender estoppels letters (if
172 applicable); tenant subordination, non-disturbance and attornment agreements (SNDAs) required by the **Buyer** or
173 **Buyer's** lender; assignments of permits and licenses; corrective instruments; and letters notifying tenants of the
174 change in ownership/rental agent. If any tenant refuses to execute an estoppels letter, **Seller**, if requested by the
175 **Buyer** in writing, will certify that information regarding the tenant's lease is correct. If **Seller** is an entity, **Seller** will
176 deliver a resolution of its governing authority authorizing the sale and delivery of the deed and certification by the
177 appropriate party certifying the resolution and setting forth facts showing the conveyance conforms to the
178 requirements of local law. **Seller** will transfer security deposits to **Buyer**. **Buyer** will provide the closing statement,
179 mortgages and notes, security agreements, and financing statements.

180 **(d) Taxes and Prorations:** Real estate taxes, personal property taxes on any tangible personal property, bond
181 payments assumed by **Buyer**, interest, rents (based on actual collected rents), association dues, insurance
182 premiums acceptable to **Buyer**, and operating expenses will be prorated through the day before closing. If the
183 amount of taxes for the current year cannot be ascertained, rates for the previous year will be used with due
184 allowance being made for improvements and exemptions. Any tax proration based on an estimate will, at request
185 of either party, be readjusted upon receipt of current year's tax bill; this provision will survive closing.

186 **(e) Special Assessment Liens:** Certified, confirmed, and ratified special assessment liens as of the Closing Date
187 will be paid by **Seller**. If a certified, confirmed, and ratified special assessment is payable in installments, **Seller** will
188 pay all installments due and payable on or before the Closing Date, with any installment for any period extending
189 beyond the Closing Date prorated, and **Buyer** will assume all installments that become due and payable after the
190 Closing Date. **Buyer** will be responsible for all assessments of any kind which become due and owing after Closing
191 Date, unless an improvement is substantially completed as of Closing Date. If an improvement is substantially
192 completed as of the Closing Date but has not resulted in a lien before closing, **Seller** will pay the amount of the last
193 estimate of the assessment. This subsection applies to special assessment liens imposed by a public body and
194 does not apply to condominium association special assessments.

195 **(f) Foreign Investment in Real Property Tax Act (FIRPTA):** If **Seller** is a "foreign person" as defined by FIRPTA,
196 **Seller** and **Buyer** agree to comply with Section 1445 of the Internal Revenue Code. **Seller** and **Buyer** will
197 complete, execute, and deliver as directed any instrument, affidavit, or statement reasonably necessary to comply

Buyer ( _GBN_ ) and Seller ( _____ ) ( _____ ) acknowledge receipt of a copy of this page, which is Page 4 of 8 Pages.

Produced with Lone Wolf Transactions (zipForm Edition) 717 N Harwood St, Suite 2200, Dallas, TX 75201   www.lwolf.com

©2017 Florida Realtors®
3073 Horseshoe

198    with the FIRPTA requirements, including delivery of their respective federal taxpayer identification numbers or
199    Social Security Numbers to the closing agent. If Buyer does not pay sufficient cash at closing to meet the
200    withholding requirement, Seller will deliver to Buyer at closing the additional cash necessary to satisfy the
201    requirement.

202  **10. ESCROW AGENT:** Seller and Buyer authorize Escrow Agent or Closing Agent (collectively "Agent") to receive,
203  deposit, and hold funds and other property in escrow and, subject to collection, disburse them in accordance with the
204  terms of this Contract. The parties agree that Agent will not be liable to any person for misdelivery of escrowed items to
205  **Seller** or **Buyer**, unless the misdelivery is due to Agent's willful breach of this Contract or gross negligence. If Agent
206  has doubt as to Agent's duties or obligations under this Contract, Agent may, at Agent's option, (a) hold the escrowed
207  items until the parties mutually agree to its disbursement or until a court of competent jurisdiction or arbitrator
208  determines the rights of the parties or (b) deposit the escrowed items with the clerk of the court having jurisdiction over
209  the matter and file an action in interpleader. Upon notifying the parties of such action, Agent will be released from all
210  liability except for the duty to account for items previously delivered out of escrow. If Agent is a licensed real estate
211  broker, Agent will comply with Chapter 475, Florida Statutes. In any suit in which Agent interpleads the escrowed items
212  or is made a party because of acting as Agent hereunder, Agent will recover reasonable attorney's fees and costs
213  incurred, with these amounts to be paid from and out of the escrowed items and charged and awarded as court costs
214  in favor of the prevailing party.

215  **11. CURE PERIOD:** Prior to any claim for default being made, a party will have an opportunity to cure any alleged
216  default. If a party fails to comply with any provision of this Contract, the other party will deliver written notice to the non-
217  complying party specifying the non-compliance. The non-complying party will have __5__ days (5 days if left blank) after
218  delivery of such notice to cure the non-compliance. Notice and cure shall not apply to failure to close..

219  **12. FORCE MAJEURE:** Buyer or Seller shall not be required to perform any obligation under this Contract or be liable
220  to each other for damages so long as performance or non-performance of the obligation, or the availability of services,
221  insurance, or required approvals essential to Closing, is disrupted, delayed, caused or prevented by Force Majeure.
222  "Force Majeure" means: hurricanes, floods, extreme weather, earthquakes, fire, or other acts of God, unusual
223  transportation delays, or wars, insurrections, or acts of terrorism, which, by exercise of reasonable diligent effort, the
224  non-performing party is unable in whole or in part to prevent or overcome. All time periods, including Closing Date, will
225  be extended a reasonable time up to 7 days after the Force Majeure no longer prevents performance under this
226  Contract, provided, however, if such Force Majeure continues to prevent performance under this Contract more than
227  30 days beyond Closing Date, then either party may terminate this Contract by delivering written notice to the other
228  and the Deposit shall be refunded to Buyer, thereby releasing Buyer and Seller from all further obligations under this Contract.

229  **13. RETURN OF DEPOSIT:** Unless otherwise specified in the Contract, in the event any condition of this Contract is
230  not met and **Buyer** has timely given any required notice regarding the condition having not been met, **Buyer's** deposit
231  will be returned in accordance with applicable Florida Laws and regulations.

232  **14. DEFAULT:**
233    **(a)** In the event the sale is not closed due to any default or failure on the part of **Seller** other than failure to make
234    the title marketable after diligent effort, **Buyer** may elect to receive return of Buyer's deposit without thereby
235    waiving any action for damages resulting from Seller's breach and may seek to recover such damages or seek
236    specific performance. If Buyer elects a deposit refund, Seller may be liable to Broker for the full amount of the
237    brokerage fee.
238    **(b)** In the event the sale is not closed due to any default or failure on the part of **Buyer**, **Seller** may either (1)
239    retain all deposit(s) paid or agreed to be paid by **Buyer** as agreed upon liquidated damages, consideration for the
240    execution of this Contract, and in full settlement of any claims, upon which this Contract will terminate or (2) seek
241    specific performance. If Buyer fails to timely place a deposit as required by this Contract, **Seller** may either (1)
242    terminate the Contract and seek the remedy outlined in this subparagraph or (2) proceed with the Contract without
243    waiving any remedy for **Buyer's** default.

244  **15. ATTORNEY'S FEES AND COSTS:** In any claim or controversy arising out of or relating to this Contract, the
245  prevailing party, which for purposes of this provision will include Buyer, Seller and Broker, will be awarded reasonable
246  attorneys' fees, costs, and expenses.

247  **16. NOTICES:** All notices will be in writing and may be delivered by mail, overnight courier, personal delivery, or
248  electronic means. Parties agree to send all notices to addresses specified on the signature page(s). Any notice,
249  document, or item given by or delivered to an attorney or real estate licensee (including a transaction broker)
250  representing a party will be as effective as if given by or delivered to that party.

Buyer ( GBM ) and Seller (_____)(_____) acknowledge receipt of a copy of this page, which is Page 5 of 8 Pages.

CC-5   Rev. 9/17

251 **17. DISCLOSURES:**

252 **(a) Commercial Real Estate Sales Commission Lien Act:** The Florida Commercial Real Estate Sales
253 Commission Lien Act provides that a broker has a lien upon the owner's net proceeds from the sale of
254 commercial real estate for any commission earned by the broker under a brokerage agreement. The lien upon the
255 owner's net proceeds is a lien upon personal property which attaches to the owner's net proceeds and does not
256 attach to any interest in real property. This lien right cannot be waived before the commission is earned.

257 **(b) Special Assessment Liens Imposed by Public Body:** The Property may be subject to unpaid special
258 assessment lien(s) imposed by a public body. (A public body includes a Community Development District.) Such
259 liens, if any, shall be paid as set forth in Paragraph 9(e).

260 **(c) Radon Gas:** Radon is a naturally occurring radioactive gas that, when it has accumulated in a building in
261 sufficient quantities, may present health risks to persons who are exposed to it over time. Levels of radon that
262 exceed federal and state guidelines have been found in buildings in Florida. Additional information regarding radon
263 and radon testing may be obtained from your county public health unit.

264 **(d) Energy-Efficiency Rating Information:** Buyer acknowledges receipt of the information brochure required by
265 Section 553.996, Florida Statutes.

266 **18. RISK OF LOSS:**

267 **(a)** If, after the Effective Date and before closing, the Property is damaged by fire or other casualty, **Seller** will
268 bear the risk of loss and **Buyer** may cancel this Contract without liability and the deposit(s) will be returned to
269 **Buyer.** Alternatively, **Buyer** will have the option of purchasing the Property at the agreed upon purchase price and
270 **Seller** will credit the deductible, if any and transfer to **Buyer** at closing any insurance proceeds, or **Seller's** claim
271 to any insurance proceeds payable for the damage. **Seller** will cooperate with and assist **Buyer** in collecting any
272 such proceeds. **Seller** shall not settle any insurance claim for damage caused by casualty without the consent of
273 the **Buyer.**

274 **(b)** If, after the Effective Date and before closing, any part of the Property is taken in condemnation or under the
275 right of eminent domain, or proceedings for such taking will be pending or threatened, **Buyer** may cancel this
276 Contract without liability and the deposit(s) will be returned to **Buyer.** Alternatively, **Buyer** will have the option of
277 purchasing what is left of the Property at the agreed upon purchase price and **Seller** will transfer to the **Buyer** at
278 closing the proceeds of any award, or **Seller's** claim to any award payable for the taking. **Seller** will cooperate
279 with and assist **Buyer** in collecting any such award.

280 **19. ASSIGNABILITY; PERSONS BOUND:** This Contract may be assigned to a related entity, and otherwise ☐ is not
281 assignable ☒ is assignable. If this Contract may be assigned, **Buyer** shall deliver a copy of the assignment agreement
282 to the **Seller** at least 5 days prior to Closing. The terms "**Buyer**," "**Seller**" and "**Broker**" may be singular or plural. This
283 Contract is binding upon **Buyer**, **Seller** and their heirs, personal representatives, successors and assigns (if
284 assignment is permitted).

285 **20. MISCELLANEOUS:** The terms of this Contract constitute the entire agreement between **Buyer** and **Seller.**
286 Modifications of this Contract will not be binding unless in writing, signed and delivered by the party to be bound.
287 Signatures, initials, documents referenced in this Contract, counterparts and written modifications communicated
288 electronically or on paper will be acceptable for all purposes, including delivery, and will be binding. Handwritten or
289 typewritten terms inserted in or attached to this Contract prevail over preprinted terms. If any provision of this Contract
290 is or becomes invalid or unenforceable, all remaining provisions will continue to be fully effective. This Contract will be
291 construed under Florida law and will not be recorded in any public records.

292 **21. BROKERS:** Neither **Seller** nor **Buyer** has used the services of, or for any other reason owes compensation to, a
293 licensed real estate **Broker** other than:

294 **(a) Seller's Broker:** ___Lee & Associates | Naples - Ft. Myers, LLC___          ___Brock Rasmussen___,
                                                    (Company Name)                                               (Licensee)
295 ___7400 Trail Blvd, Suite 101, Naples, FL  34108  (239)209-0458___    ___brasmussen@lee-associates.com___
                                                                                                (Address, Telephone, Fax, E-mail)
296 who ☐ is a single agent ☒ is a transaction broker ☐ has no brokerage relationship and who will be compensated by
297 ☒ **Seller** ☐ **Buyer** ☐ both parties pursuant to ☐ a listing agreement ☒ other (specify) __six percent (6%) of__
298 __Purchase Price payable at Closing__
299

300 **(b) Buyer's Broker:** _____          _____,
                                                    (Company Name)                                               (Licensee)
301 _____
                                                                (Address, Telephone, Fax, E-mail)

Buyer ( _GBM_ ) and Seller ( _____ ) ( _____ ) acknowledge receipt of a copy of this page, which is Page 6 of 8 Pages.

Produced with Lone Wolf Transactions (zipForm Edition) 717 N Harwood St, Suite 2200, Dallas, TX 75201  www.lwolf.com          ©2017 Florida Realtors®
3073 Horseshoe

302  who ☐ is a single agent ☐ is a transaction broker ☐ has no brokerage relationship and who will be compensated by
303  ☐ Seller's Broker ☐ Seller ☐ Buyer ☐ both parties pursuant to ☐ an MLS offer of compensation ☐ other (specify)
304
305  (collectively referred to as "Broker") in connection with any act relating to the Property, including but not limited to
306  inquiries, introductions, consultations, and negotiations resulting in this transaction. Seller and Buyer agree to
307  indemnify and hold Broker harmless from and against losses, damages, costs and expenses of any kind, including
308  reasonable attorneys' fees at all levels, and from liability to any person, arising from (1) compensation claimed which is
309  inconsistent with the representation in this Paragraph, (2) enforcement action to collect a brokerage fee pursuant to
310  Paragraph 10, (3) any duty accepted by Broker at the request of Seller or Buyer, which is beyond the scope of
311  services regulated by Chapter 475, Florida Statutes, as amended, or (4) recommendations of or services provided and
312  expenses incurred by any third party whom Broker refers, recommends, or retains for or on behalf of Seller or Buyer.

313  22. OPTIONAL CLAUSES: (Check if any of the following clauses are applicable and are attached as an addendum to
314  this Contract):
315  ☐ Arbitration              ☐ Seller Warranty               ☑ Existing Mortgage
316  ☐ Section 1031 Exchange    ☐ Coastal Construction Control Line  ☐ Buyer's Attorney Approval
317  ☐ Property Inspection and Repair  ☐ Flood Area Hazard Zone   ☐ Seller's Attorney Approval
318  ☐ Seller Representations    ☐ Seller Financing             ☐ Other _____

319  23. ADDITIONAL TERMS:
320  _____
321-341 (blank lines)

342  THIS IS INTENDED TO BE A LEGALLY BINDING CONTRACT. IF NOT FULLY UNDERSTOOD, SEEK THE
343  ADVICE OF AN ATTORNEY PRIOR TO SIGNING. BROKER ADVISES BUYER AND SELLER TO VERIFY ALL
344  FACTS AND REPRESENTATIONS THAT ARE IMPORTANT TO THEM AND TO CONSULT AN APPROPRIATE
345  PROFESSIONAL FOR LEGAL ADVICE (FOR EXAMPLE, INTERPRETING CONTRACTS, DETERMINING THE
346  EFFECT OF LAWS ON THE PROPERTY AND TRANSACTION, STATUS OF TITLE, FOREIGN INVESTOR
347  REPORTING REQUIREMENTS, ETC.) AND FOR TAX, PROPERTY CONDITION, ENVIRONMENTAL AND OTHER

Buyer ( GBM ) and Seller (___) (___) acknowledge receipt of a copy of this page, which is Page 7 of 8 Pages.
CC-5  Rev. 9/17

Produced with Lone Wolf Transactions (zipForm Edition) 717 N Harwood St, Suite 2200, Dallas, TX 76201  www.lwolf.com    3973 Horseshoe

©2017 Florida Realtors®

DocuSign Envelope ID: 98FB73E9-1C55-403A-9CDE-0537A6C23B42

348 ADVICE. BUYER ACKNOWLEDGES THAT BROKER DOES NOT OCCUPY THE PROPERTY AND THAT ALL
349 REPRESENTATIONS (ORAL, WRITTEN OR OTHERWISE) BY BROKER ARE BASED ON SELLER
350 REPRESENTATIONS OR PUBLIC RECORDS UNLESS BROKER INDICATES PERSONAL VERIFICATION OF
351 THE REPRESENTATION. BUYER AGREES TO RELY SOLELY ON SELLER, PROFESSIONAL INSPECTORS AND
352 GOVERNMENTAL AGENCIES FOR VERIFICATION OF THE PROPERTY CONDITION, SQUARE FOOTAGE AND
353 FACTS THAT MATERIALLY AFFECT PROPERTY VALUE.

354 Each person signing this Contract on behalf of a party that is a business entity represents and warrants to the other
355 party that such signatory has full power and authority to enter into and perform this Contract in accordance with its
356 terms and each person executing this Contract and other documents on behalf of such party has been duly authorized
357 to do so.

358 _Gregory B. Myers_ ......................... Date: 2022-Feb-02 | 15:08 PST
(Signature of Buyer)

369 **Gregory B. Myers** Tax ID No.: _____
(Typed or Printed Name of Buyer)

360 Title: **Manager** Telephone: _____

361 _____ Date: _____
(Signature of Buyer)

362 _____ Tax ID No.: _____
(Typed or Printed Name of Buyer)

363 Title: _____ Telephone: _____

364 Buyer's Address for purpose of notice _____

365 Facsimile: _____ E-mail: _____

366 _____ Date: _____
(Signature of Seller)

367 _____ Tax ID No.: _____
(Typed or Printed Name of Seller)

368 Title: _____ Telephone: _____

369 _____ Date: _____
(Signature of Seller)

370 _____ Tax ID No.: _____
(Typed or Printed Name of Seller)

371 Title: _____ Telephone: _____

372 Seller's Address for purpose of notice _____

373 Facsimile: _____ E-mail: _____

The Florida Association of REALTORS® makes no representation as to the legal validity or adequacy of any provision of this form in any specific transaction. This standardized form should not be used in complex transactions or with extensive riders or additions. This form is available for use by the entire real estate industry and is not intended to identify the user as a REALTOR®. REALTOR® is a registered collective membership mark which may be used only by real estate licensees who are members of the NATIONAL ASSOCIATION OF REALTORS® and who subscribe to its Code of Ethics. The copyright laws of the United States (17 U.S. Code) forbid the unauthorized reproduction of this form by any means including facsimile or

Buyer ( _GBM_ ) ( _____ ) and Seller ( _____ ) ( _____ ) acknowledge receipt of a copy of this page, which is Page 8 of 8 Pages.
CC-5 Rev. 9/17

©2017 Florida Realtors®
3073 Horseshoe
Produced with Lone Wolf Transactions (zipForm Edition) 717 N Harwood St, Suite 2200, Dallas, TX 76201 www.lwolf.com

iMessage
Mon, Jan 31, 5:59 PM

Will give you a ring
In am on horseshoe.
Just fell out of
contract today.

Brock

Wed, Feb 2, 9:13 AM

Please text me offer.

Will draft it

Wed, Feb 2, 10:18 AM

Buyer: "1712 Property
LLC or assigns"

> **PH - DocuSign done for Buyer**

Sent to ownership

Thu, Feb 3, 8:09 AM

$100k deposit
$5.4M price
45 day dd.
Is his response

> **Make changes, have seller sign and send back as counter-offer**

Are you acceptable to those changes?



Exhibit B

## ASSIGNMENT

For value received, 1712 PROPERTY LLC ("Assignor"), hereby transfers and assigns to Gregory B. Myers, Individually ("Assignee"), his heirs, personal representatives, successors and assigns, all rights, title and interest in and to that certain "Commercial Contract" between "3073 Horseshoe Drive LLC" as "Seller" and "1712 Property LLC and/or Assigns" as "Buyer" (the "Contract") for the property legally described as "Parcel # 07040000500" and "East Naples Industrial Pk Lots 3 and 4, and Collier Park of Commerce Retail Center Center Tracts 4, 5, 6, and 7" (the "Property"), subject to the covenants, terms and conditions contained in said Contract.

Dated: March 11, 2022

1712 PROPERTY LLC

_____, MANAGER
BY: Gregory B. Myers, Manager

Acceptance by Assignee:

_____
Gregory B. Myers, Individually

Filing # 151532881 E-Filed 06/15/2022 11:01:38 AM



IN THE CIRCUIT COURT OF THE TWENTIETH JUDICIAL CIRCUIT
IN AND FOR COLLIER COUNTY, FLORIDA     CIVIL DIVISION

**GREGORY B. MYERS**

    **Plaintiff,**

vs.                                                    Case No: 2022-CA-0453

**3073 HORSESHOE DRIVE LLC**

    **Defendant.**

_____/

<u>**NOTICE OF EVIDENTIARY HEARING**</u>

<u>**CONFIRMATION # 403987**</u>

To:

Gregory B. Myers
700 Gulf Shore Blvd. N.
Naples, Florida 34102
gregbmyers@verizon.net

There will be an evidentiary hearing before the Honorable Judge Lauren L. Brodie on **June 20, 2022 at 1:20 p.m.** CONDUCTED VIA ZOOM, on the following issue:

MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT WITH PREJUDICE;

MOTION FOR ORDER TO SHOW CAUSE WHY THE AMENDED COMPLAINT SHOULD
NOT BE DISMISSED WITH PREJUDICE; AND

MOTION TO DISCHARGE THE LIS PENDENS NOT FOUNDED ON A RECORDED
INSTRUMENT

30 minutes have been reserved for this hearing.

FILED: COLLIER COUNTY, CRYSTAL K. KINZEL, CLERK, 06/15/2022 11:01:38 AM

**The parties must appear via ZOOM. The Zoom link is https://zoom.us. The ZOOM Meeting ID is 951-7278-1194 and Password is 821089.**

If you are represented by an attorney or plan to retain an attorney for this matter, you should notify the attorney of this hearing.

If this matter is resolved, the moving party shall contact the judge's office to cancel this hearing.

## CERTIFICATE OF SERVICE

    I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished by Email to the plaintiff's address listed below on the Service List on June 15, 2022.

By: Linda Fink
Florida Bar: 1008292
John N. Brugger, Esq.
Florida Bar: 0340502
600 5th Ave South, Suite 207
Naples, Florida 34102
(239) 263-6000
Attorneys for Defendant
Email: jbrugger@forsythbrugger.com

## SERVICE LIST

Gregory B. Myers, *pro se*
700 Gulf Shore Blvd. N.
Naples, Florida 34102
(301) 325-2312
gregbmyers@verizon.net

**Jack Brugger**

| | |
|---|---|
| **From:** | 20th Circuit (Collier) JACS AUTO-MAIL <jacs@ca.cjis20.org> |
| **Sent:** | Tuesday, June 14, 2022 11:25 AM |
| **To:** | Jack Brugger |
| **Subject:** | Hearing Confirmation (Case #: 22-CA-453 CalDate: 06/20/2022 Confirmation #: 403987) |

*************** 20th Circuit (Collier) JACS AUTO-EMAIL ***************
     JUDGE LAUREN BRODIE
     JUDGE LAUREN BRODIE
****************************************************************

Hearing Confirmation on 06/20/2022 at 1:20 pm for 30 minutes

     Case # : 22-CA-453
     Motion : EVIDENTIARY HEARING
     Attorney : PRO SE
     Plaintiff : GREGORY B. MYERS
     Opposing Attorney : FINK, LINDA
     Defendant : 3073 HORSESHOE DRIVE LLC
     Confirmation # : 403987

  *** Please do not reply to this email ***

--------------------------------------------------------------
This email may contain confidential and/or privileged information.
If you are not the intended recipient (or have received this email in error) please destroy this email.
--------------------------------------------------------------



## U.S. Bankruptcy Court
### United States Bankruptcy Court for the District of Columbia (Washington, D.C.)
### Bankruptcy Petition #: 22-00104-ELG

Assigned to: Bankruptcy Judge Elizabeth L. Gunn
Chapter 11
Voluntary
Asset

Date filed: 06/19/2022
Debtor dismissed: 07/01/2022
341 meeting: 07/26/2022
Deadline for objecting to discharge: 09/26/2022

**Debtor In Possession**
**1712 Property Holding Trust**
700 Gulf Shore Blvd. N.
Naples, FL 34102
COLLIER-FL
301-325-2312

represented by **1712 Property Holding Trust**
PRO SE

**U.S. Trustee**
**U. S. Trustee for Region Four**
U. S. Trustee's Office
1725 Duke Street
Suite 650
Alexandria, VA 22314
703-557-7176

represented by **Kristen S. Eustis**
Office of the United States Trustee
1725 Duke Street
Ste 650
Alexandria, VA 22314
703-557-7227
Email: Kristen.S.Eustis@usdoj.gov

| Filing Date | # | Docket Text |
|---|---|---|
| 06/19/2022 | 1 (8 pgs) | Chapter 11 Voluntary Petition Individual . Fee Amount $1738. Filed by 1712 Property Holding Trust Mailing Matrix due 6/27/2022. Schedules A/B-J due 7/5/2022. Statement of Social Security Number due: 7/5/2022. Statement of Financial Affairs due 7/5/2022.Chapter 11 Statement of Your Current Monthly Income Form 122B Due 7/5/2022 Credit Counseling Date: 7/5/2022. Employee Income Record Due:7/5/2022. List of Creditors Holding 20 Largest Unsecured Claims due 7/5/2022. Incomplete Filings due by 7/5/2022. Chapter 11 Plan due by 10/17/2022. Disclosure Statement due by 10/17/2022. Government Proof of Claim due by 12/16/2022. (Harrison, Janae) (Entered: 06/22/2022) |
| 06/19/2022 | 2 (2 pgs) | Application for Individuals to Pay the Filing Fee in Installments Filed by 1712 Property Holding Trust . (Harrison, Janae) (Entered: 06/22/2022) |
| 06/22/2022 | 3 | Receipt of Chapter 11 Installment Filing Fee - $500.00 by JH. Receipt Number 100160. Payment received from PNC Bank- Gregory Myers. (admin) (Entered: 06/23/2022) |
| 06/23/2022 | 4 (2 pgs) | Notice to Party Filing Deficient Bankruptcy Case. (RE: related document(s)1 Chapter 11 Voluntary Petition) Case Opening Deficiencies due by 6/30/2022. (Mathewes, Aimee) (Entered: 06/23/2022) |
| 06/23/2022 | | Meeting of Creditors Chapter 11. Notice Generated and Sent to BNC. 341(a) meeting to be held on 7/26/2022 at 10:00 AM US Trustee Remote Location: Telephone #: (877) 465-7076;Passcode: 7191296. Last day to oppose discharge or dischargeability is 9/26/2022. Proofs of Claim due by 11/3/2022. (Jackson, Renee) (Entered: 06/23/2022) |
| 06/23/2022 | 5 (2 pgs) | Order To File Missing Documents Order entered on 6/23/2022. List of Equity Security Holders due 7/7/2022. Incomplete Filings due by 7/7/2022. (Harrison, Janae) (Entered: 06/23/2022) |
| 06/23/2022 | 6 (4 pgs) | Order To File Mailing Matrix Or Show Cause (Re: Related Document(s)1 Chapter 11 Voluntary Petition.) Order entered on 6/23/2022. Mailing Matrix due 6/30/2022. Show Cause Deadline for |

| | | |
|---|---|---|
| | | Party in Interest 7/7/2022. (Harrison, Janae) (Entered: 06/23/2022) |
| 06/23/2022 | 7 (1 pg) | Order to File Required Documents. Missing Case Opening Documents due by 7/5/2022 (Harrison, Janae) (Entered: 06/23/2022) |
| 06/23/2022 | 8 (4 pgs) | Order Denying Application and for Debtor to Show Cause. (Re: Related Document(s)1 Chapter 11 Voluntary Petition, 2 Application for Individuals to Pay the Filing Fee in Installments.) Order entered on 6/23/2022.List of compliance due 6/30/2022 for 1 and for 2, . (Harrison, Janae) (Entered: 06/23/2022) |
| 06/25/2022 | 9 (3 pgs) | BNC Certificate of Mailing - Order to File Missing Documents (RE: related document(s)5 Order To File Missing Documents) No. of Notices: 1. Notice Date 06/25/2022. (Admin.) (Entered: 06/26/2022) |
| 06/25/2022 | 10 (3 pgs) | BNC Certificate of Mailing - Notice to Party Filing Deficient Bankruptcy Case. (RE: related document(s)4 Notice to Party Filing Deficient Bankruptcy Case) No. of Notices: 1. Notice Date 06/25/2022. (Admin.) (Entered: 06/26/2022) |
| 06/25/2022 | 11 (2 pgs) | BNC Certificate of Mailing - Order to File Required Documents (RE: related document(s)7 Order to File Required Documents) No. of Notices: 1. Notice Date 06/25/2022. (Admin.) (Entered: 06/26/2022) |
| 06/25/2022 | 12 (5 pgs) | BNC Certificate of Mailing - Order to File Mailing Matrix or Show Cause (RE: related document(s)6 Order To File Matrix) No. of Notices: 1. Notice Date 06/25/2022. (Admin.) (Entered: 06/26/2022) |
| 06/29/2022 | 13 (2 pgs) | Motion for Enlargement of Time for Debtor to Obtain Counsel and Respond to the Order to Show Cause. Filed by 1712 Property Holding Trust . (Re: Related Document(s) #:8 Order Directing Compliance.) (Alde, Claude) (Entered: 06/29/2022) |
| 06/29/2022 | 14 (1 pg) | Motion to Expedite. Filed by 1712 Property Holding Trust. (Re: Related Document(s) #: 13 Motion for Enlargement of Time.) (Alde, Claude) (Entered: 06/29/2022) |
| 07/01/2022 | 15 (1 pg) | Order Dismissing Case for Failure to Pay the Filing Fee. (Related Document #: 8) Order entered on 7/1/2022. (Alde, Claude) (Entered: 07/01/2022) |
| 07/03/2022 | 16 (3 pgs) | BNC Certificate of Mailing - PDF Document. (RE: related document(s)15 Order Dismiss Case (Judge)) No. of Notices: 5. Notice Date 07/03/2022. (Admin.) (Entered: 07/04/2022) |

| PACER Service Center | | |
|---|---|---|
| **Transaction Receipt** | | |
| 07/05/2022 12:37:05 | | |
| PACER Login: | fb1361 | Client Code: |
| Description: | Docket Report | Search Criteria: 22-00104-ELG Fil or Ent: filed Doc From: 0 Doc To: 99999999 Format: html Page counts for documents: included |
| Billable Pages: | 2 | Cost: 0.20 |

The order below is hereby signed.

Signed: July 1 2022



Elizabeth L. Gunn
U.S. Bankruptcy Judge

# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF COLUMBIA

In re:

**1712 Property Holding Trust,**
**Debtor.**

Case No. 22-00104-ELG

Chapter 11

## ORDER DISMISSING CASE FOR FAILURE TO PAY THE FILING FEE

On June 19, 2022, an Official Form 101 *Voluntary Petition for Individuals Filing for Bankruptcy* for relief under chapter 11 (the "Petition") was filed, *pro se*, for 1712 Property Holding Trust by Greg B. Meyers, Trustee of the "common law trust." ECF No. 1. A *pro se* Application *for Individuals to Pay the Filing Fee in Installments* (the "Application") was filed with the Petition. ECF No. 2. On June 23, 2022, the Court denied the Application and gave the 1712 Property Holding Trust until June 30, 2022 to pay the balance of the chapter 11 filing fee. *Order Denying Application and for Debtor to Show Cause*, ECF No. 8. 1712 Property Holding Trust did not pay the balance of the filing fee by June 30, 2022 and accordingly the case must be dismissed.

Therefore, it is hereby **ORDERED, ADJUDGED,** and **DECREED** that this case is DISMISSED.

[Signed and dated above.]

Copies to: 1712 Property Holding Trust via email; recipients of e-notification of orders.

1

The order below is hereby signed.

Signed: July 1 2022



*Elizabeth L. Gunn*
(U.S. Bankruptcy Judge

# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF COLUMBIA

In re:                                                    Case No. 22-00104-ELG

    **1712 Property Holding Trust,**          Chapter 11
        **Debtor.**

## ORDER DISMISSING CASE FOR FAILURE TO PAY THE FILING FEE

On June 19, 2022, an Official Form 101 *Voluntary Petition for Individuals Filing for Bankruptcy* for relief under chapter 11 (the "Petition") was filed, *pro se*, for 1712 Property Holding Trust by Greg B. Meyers, Trustee of the "common law trust." ECF No. 1. A *pro se Application for Individuals to Pay the Filing Fee in Installments* (the "Application") was filed with the Petition. ECF No. 2. On June 23, 2022, the Court denied the Application and gave the 1712 Property Holding Trust until June 30, 2022 to pay the balance of the chapter 11 filing fee. *Order Denying Application and for Debtor to Show Cause*, ECF No. 8. 1712 Property Holding Trust did not pay the balance of the filing fee by June 30, 2022 and accordingly the case must be dismissed.

Therefore, it is hereby **ORDERED, ADJUDGED,** and **DECREED** that this case is DISMISSED.

[Signed and dated above.]

Copies to: 1712 Property Holding Trust via email; recipients of e-notification of orders.

1

United States Bankruptcy Court

District of Columbia

In re:

1712 Property Holding Trust

    Debtor

Case No. 22-00104-ELG

Chapter 11

# CERTIFICATE OF NOTICE

District/off: 0090-1

Date Rcvd: Jul 01, 2022

User: admin

Form ID: pdf001

Page 1 of 2

Total Noticed: 9

The following symbols are used throughout this certificate:

| Symbol | Definition |
|---|---|
| + | Addresses marked '+' were corrected by inserting the ZIP, adding the last four digits to complete the zip +4, or replacing an incorrect ZIP. USPS regulations require that automation-compatible mail display the correct ZIP. |
| ++ | Addresses marked '++' were redirected to the recipient's preferred mailing address pursuant to 11 U.S.C. § 342(f)/Fed. R. Bank. P. 2002(g)(4). |

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Jul 03, 2022:

| Recip ID | | Recipient Name and Address |
|---|---|---|
| dbpos | + | 1712 Property Holding Trust, 700 Gulf Shore Blvd. N., Naples, FL 34102-5325 |
| smg | ++ | CHILD SUPPORT SERVICES DIVISION, ATTN LEGAL SERVICES SECTION, 400 SIXTH ST NW, SUITE 8300, WASHINGTON DC 20001-0189 address filed with court:, Child Support Services Division, Office of the Attorney General, Judiciary Square 441 4th Street, NW, 5th Floor, Washington, DC 20001 |
| smg | + | District Unemployment Compensation Board, 4058 Minnesota Ave., NE, 4th Floor, Washington, DC 20019-3540 |
| smg | + | Office of Attorney General, Tax, Bankruptcy, and Finance, One Judiciary Square, 441 4th Street, NW, 6th Floor Washington, DC 20001-2714 |
| smg | | U.S. Attorney's Office, Civil Division - Judiciary Ct. Building, 555 4th St., N.W., 4th Floor, Washington, DC 20001-2733 |

TOTAL: 5

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
Electronic transmission includes sending notices via email (Email/text and Email/PDF), and electronic data interchange (EDI). Electronic transmission is in Eastern Standard Time.

| Recip ID | | Notice Type: Email Address | Date/Time | Recipient Name and Address |
|---|---|---|---|---|
| smg | + | Email/Text: angela.coleman@dc.gov | Jul 01 2022 22:01:00 | D.C. Office of Tax and Revenue, Bankruptcy Division, 1101 4th Street SW, Washington, DC 20024-4457 |
| smg | | Email/Text: sbse.cio.bnc.mail@irs.gov | Jul 01 2022 22:01:00 | Internal Revenue Service, P.O. Box 7346, Philadelphia, PA 19101-7346 |
| smg | | Email/Text: karen.brown@treasury.gov | Jul 01 2022 22:01:00 | Secretary of the Treasury, 15th and Pennsylvania Avenue, NW, Washington, DC 20220-0001 |
| smg | | Email/Text: atlreorg@sec.gov | Jul 01 2022 22:01:00 | Securities and Exchange Commission, Atlanta Regional Office, Office of Reorganization, 950 East Paces Ferry Road NE, Ste. 900, Atlanta, GA 30326-1382 |

TOTAL: 4

# BYPASSED RECIPIENTS

The following addresses were not sent this bankruptcy notice due to an undeliverable address, *duplicate of an address listed above, *P duplicate of a preferred address, or ## out of date forwarding orders with USPS.

NONE

# NOTICE CERTIFICATION

I, Gustava Winters, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.

Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed .R. Bank. P.2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.

District/off: 0090-1
Date Rcvd: Jul 01, 2022

Date: Jul 03, 2022

User: admin
Form ID: pdf001

Page 2 of 2
Total Noticed: 9

Signature:        /s/Gustava Winters

## CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on July 1, 2022 at the address(es) listed below:

| Name | Email Address |
| --- | --- |
| Kristen S. Eustis | on behalf of U.S. Trustee U. S. Trustee for Region Four Kristen.S.Eustis@usdoj.gov |
| U. S. Trustee for Region Four | USTPRegion04.DC.ECF@USDOJ.GOV |

TOTAL: 2

Filing # 151803101 E-Filed 06/20/2022 01:27:02 PM



EXHIBIT
G
tabbies

## IN THE CIRCUIT COURT OF THE TWENTIETH JUDICIAL CIRCUIT
## IN AND FOR COLLIER COUNTY, FLORIDA

GREGORY B. MYERS,

      Plaintiff,

v.

                                        Case No.: 2022-CA-0453

3073 HORSESHOE DRIVE LLC,

      Defendant.

_____/

### NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §1452 and 28 U.S.C. §1334, 1712 PROPERTY HOLDING TRUST (the "TRUST")[1], hereby gives notice that this case has been REMOVED to the United States Bankruptcy Court for the District of Columbia, In re: 1712 PROPERTY HOLDING TRUST, Debtor. A copy of the NOTICE OF REMOVAL filed in the United States Bankruptcy Court for the District of Columbia is attached hereto as **Exhibit A**.[2] The parties in Case No.: 2022-CA-0453 shall proceed no further in this Court unless and until said cause of action is remanded.

RESPECTFULLY SUBMITTED on this 20th day of June, 2022.

                        1712 PROPERTY HOLDING TRUST

                        BY: /s/ Gregory B. Myers, Trustee
                        Gregory B. Myers, Trustee
                        700 Gulf Shore Blvd. N.
                        Naples, Florida 34102
                        (301) 325-2312
                        gregbmyers@verizon.net

---

[1] Pursuant to assignment from Gregory B. Myers, the TRUST possesses all rights, title and interest in and to that certain "Commercial Contract" between "3073 Horseshoe Drive LLC" as "Seller" and "1712 Property LLC and/or Assigns" as "Buyer" (the "Contract") for the property legally described as "Parcel # 07040000500" and "East Naples Industrial Pk Lots 3 and 4, and Collier Park of Commerce Retail Center Center Tracts 4, 5, 6, and 7" (the "Property"), subject to the covenants, terms and conditions contained in said Contract.
[2] Neither a motion nor a court order is required to effect removal of a court action; removal is accomplished by filing a notice of removal with the clerk of the bankruptcy court and a copy of such notice with the clerk of the court from which the case is being removed.

1

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on June 20, 2022, the foregoing NOTICE OF REMOVAL was filed electronically with the Florida Courts E-Filing Portal system, and a copy of same was furnished via electronic mail to the following:

Linda Fink, Esq.
John N. Brugger, Esq.
Forsyth & Brugger, P.A.
600 Fifth Avenue South, Suite 207
Naples, FL 34102
jbrugger@forsythbrugger.com
*Attorneys for Defendant*

1712 PROPERTY HOLDING TRUST

BY: /s/ Gregory B. Myers, Trustee

Exhibit A

# UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF COLUMBIA

In re:

1712 PROPERTY HOLDING TRUST,

     Debtor.

_____/

Case No.: 2022-

Chapter 11

1712 PROPERTY HOLDING TRUST,

     Plaintiff,

v.

3073 HORSESHOE DRIVE LLC,

     Defendant.

_____/

Adversary No.: 2022-

## NOTICE OF REMOVAL

Debtor, 1712 PROPERTY HOLDING TRUST (the "TRUST")[1], pursuant to 28 U.S.C. §1452 and 28 U.S.C. §1334 and applicable Federal Rules of Bankruptcy Procedure, files this NOTICE OF REMOVAL of Case No.: 2022-CA-0453 pending in the Circuit Court of the Twentieth Judicial Circuit in and for Collier County, Florida (the "State Court Litigation") to the United States Bankruptcy Court for the District of Columbia, In re: 1712 PROPERTY HOLDING TRUST, Debtor (Adversary No.: TBD). The State Court Litigation "arises under" title 11 of the United States Code pursuant to 28 U.S.C. § 1334(b) and is within the exclusive jurisdiction of the

---

[1] Pursuant to assignment from Gregory B. Myers, the TRUST possesses all rights, title and interest in and to that certain "Commercial Contract" between "3073 Horseshoe Drive LLC" as "Seller" and "1712 Property LLC and/or Assigns" as "Buyer" (the "Contract") for the property legally described as "Parcel # 07040000500" and "East Naples Industrial Pk Lots 3 and 4, and Collier Park of Commerce Retail Center Center Tracts 4, 5, 6, and 7" (the "Property"), subject to the covenants, terms and conditions contained in said Contract.

Bankruptcy Court pursuant to 28 U.S.C. § 1334(e). This adversarial matter is a core proceeding under the Bankruptcy Code.

WHEREFORE, Debtor 1712 PROPERTY HOLDING TRUST respectfully requests that the State Court Litigation be removed to this Court and that said matter proceed in this Court as an adversarial action properly removed.

RESPECTFULLY SUBMITTED on this 20th day of June, 2022.

1712 PROPERTY HOLDING TRUST

BY: /s/ Gregory B. Myers, Trustee
Gregory B. Myers, Trustee
700 Gulf Shore Blvd. N.
Naples, Florida 34102
(301) 325-2312
gregbmyers@verizon.net

**From:** gregbmyers@verizon.net,
**To:** dcbml_intake@dcb.uscourts.gov,
**Cc:** gregbmyers@verizon.net,
**Subject:** In re: 1712 PROPERTY HOLDING TRUST
**Date:** Mon, Jun 20, 2022 1:16 pm
**Attachments:** 220620_Notice of Removal.pdf (87K)

To the Clerk of the Bankruptcy Court:

Please filed the attached NOTICE OF REMOVAL in the above-referenced case which case was file June 19, 2022.

Thank you.

1712 PROPERTY HOLDING TRUST
BY: /s/ Gregory B. Myers, Trustee
Gregory B. Myers, Trustee
700 Gulf Shore Blvd. N.
Naples, Florida 34102
(301) 325-2312
gregbmyers@verizon.net

Filing # 152377198 E-Filed 06/28/2022 08:49:05 PM



## IN THE CIRCUIT COURT OF THE TWENTIETH JUDICIAL CIRCUIT
## IN AND FOR COLLIER COUNTY, FLORIDA

GREGORY B. MYERS,

     Plaintiff,

v.                                  Case No.: 2022-CA-0453

3073 HORSESHOE DRIVE LLC,

     Defendant.

_____/

### SUGGESTION OF BANKRUPTCY

     Gregory B. Myers files this *Suggestion of Bankruptcy* suggesting to the Court that all

further proceedings in the above-captioned case be stayed, and states:

     1.     On June 19, 2022, 1712 PROPERTY HOLDING TRUST (the "TRUST" or

"Debtor") filed a bankruptcy petition under chapter 11 of the Bankruptcy Code in the United States

Bankruptcy Court for the District of Columbia, Case No. 22-00104-ELG (the "Bankruptcy

Petition"). The Bankruptcy Petition constitutes an order for relief pursuant to the provisions of the

Bankruptcy Code and the Bankruptcy Petition has not been dismissed.

     2.     The property and claims upon which the above-captioned case is premised

constitute property of the TRUST's bankruptcy estate and are subject to the automatic stay under

11 U.S.C. § 362 which "operates as a stay, applicable to all entities, of . . . any act to obtain

possession of property of the estate or of property from the estate or to exercise control over

property of the estate." 11 U.S.C. § 362(a)(3).

     3.     The automatic stay applies equally to property where the TRUST's interest is

disputed. *Brown v. Chesnut (In re Chesnut), 422 F.3d 298 (5th Cir. 2005).*

1

4.     An action taken in violation of the stay, *even if such action is a judicial proceeding*, is void and of no force or effect. *U.S. v. White,* 466 F.3d 1241, 1244 (11th Cir. 2006) ("It is the law of this Circuit that '[a]ctions taken in violation of the automatic stay are void and without effect.'") (internal citations omitted). *See also Christopher v. Bank of Am.*, 323 So. 3d 838 (Fla. Dist. Ct. App. 2021) (an action taken in violation of the automatic stay is "void and without effect").

WHEREFORE, it is respectfully suggested that this Court, in accordance with the provisions of the Bankruptcy Code, enter an order staying all further proceedings in the above-captioned case until such time as the automatic stay imposed by 11 U.S.C. § 362 in Case No. 22-00104-ELG is dissolved.

RESPECTFULLY SUBMITTED on this 28th day of June, 2022.

/s/ Gregory B. Myers
Gregory B. Myers
700 Gulf Shore Blvd. N.
Naples, Florida 34102
(301) 325-2312
gregbmyers@verizon.net

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on June 28, 2022, the foregoing SUGGESTION OF BANKRUPTCY was filed electronically with the Florida Courts E-Filing Portal system, and a copy of same was furnished via electronic mail to the following:

1712 PROPERTY HOLDING TRUST
Gregory B. Myers, Trustee
700 Gulf Shore Blvd. N.
Naples, Florida 34102
(301) 325-2312
gregbmyers@verizon.net

Linda Fink, Esq.
John N. Brugger, Esq.
Forsyth & Brugger, P.A.
600 Fifth Avenue South, Suite 207
Naples, FL 34102
jbrugger@forsythbrugger.com
*Attorneys for Defendant*

/s/ Gregory B. Myers
Gregory B. Myers

The order below is hereby signed.

Signed: July 1 2022





Elizabeth L. Gunn
U.S. Bankruptcy Judge

# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF COLUMBIA

In re:

      **1712 Property Holding Trust,**
        **Debtor.**

Case No. 22-00104-ELG

Chapter 11

### ORDER DISMISSING CASE FOR FAILURE TO PAY THE FILING FEE

On June 19, 2022, an Official Form 101 *Voluntary Petition for Individuals Filing for Bankruptcy* for relief under chapter 11 (the "Petition") was filed, *pro se*, for 1712 Property Holding Trust by Greg B. Meyers, Trustee of the "common law trust." ECF No. 1. A *pro se Application for Individuals to Pay the Filing Fee in Installments* (the "Application") was filed with the Petition. ECF No. 2. On June 23, 2022, the Court denied the Application and gave the 1712 Property Holding Trust until June 30, 2022 to pay the balance of the chapter 11 filing fee. *Order Denying Application and for Debtor to Show Cause*, ECF No. 8. 1712 Property Holding Trust did not pay the balance of the filing fee by June 30, 2022 and accordingly the case must be dismissed.

Therefore, it is hereby **ORDERED, ADJUDGED,** and **DECREED** that this case is DISMISSED.

[Signed and dated above.]

Copies to: 1712 Property Holding Trust via email; recipients of e-notification of orders.

1



# IN THE DISTRICT COURT OF APPEAL
## SECOND DISTRICT, STATE OF FLORIDA

**CASE NO.: 2D22-2703**
L.T. No.: 2022-CA-0453

GREGORY B. MYERS      v.      3073 HORSESHOE DRIVE LLC

Appellant / Petitioner(s),            Appellee / Respondent(s).

## RESPONSE AND MOTION TO CONVERT APPEAL TO A PETITION FOR WRIT OF PROHIBITION

Gregory B. Myers ("Myers" or "Petitioner"), *pro se*, pursuant to Florida Rule of Appellate Procedure 9.040(c), files this response to the Court's August 18, 2022 Order and respectfully moves the Court to convert the instant appeal to a **petition for writ of prohibition**[1] under Florida Rule of Appellate Procedure 9.100, to restrain the circuit court (Honorable Lauren L. Brodie) from continuing to act in excess of its jurisdiction causing further material injury to Petitioner Myers for which there is no adequate remedy by appeal.

## STATEMENT OF FACTS

---

[1] See *Gov't Employees Ins. Co. v. Arreola*, 231 So. 3d 508, 512 (Fla. 2d DCA 2017) ("Under Florida Rule of Appellate Procedure 9.040(c), "[i]f a party seeks an improper remedy, the cause shall be treated as if the proper remedy had been sought; provided that it shall not be the responsibility of the court to seek the proper remedy.'")

1

1.    On January 28, 2021, Myers filed a petition under chapter 13 of the Bankruptcy Code ("FL Bankruptcy Petition") in the United States Bankruptcy Court for the Middle District of Florida, Case No. 2:21-bk-00123 ("FL Bankruptcy Case").

2.    Pursuant to 11 U.S.C. § 362(a)(3), the FL Bankruptcy Petition "operates as a stay, applicable to all entities, of ... any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate."

3.    On July 28, 2022, in L.T. No.: 2022-CA-0453, Defendant 3073 Horseshoe Drive LLC ("Horseshoe") filed a *Memorandum in Support of Requiring [Myers] to Post a Lis Pendens Bond* (the "Bond Claim").

4.    The Bond Claim constitutes a "claim"[2] ***against*** Myers (debtor) and is therefore an "act" taken in violation of the automatic stay under 11 U.S.C. § 362(a)(3) in the FL Bankruptcy Case.

5.    On August 5, 2022, the circuit court convened a hearing in in L.T. No.: 2022-CA-0453 to determine the amount of bond Myers must post with the Court (the "Bond Hearing"). Myers (debtor) vehemently objected to the

---

[2] Under the Bankruptcy Code, the term "claim" includes both a right to payment and a right to an equitable remedy. *See* 11 U.S.C. § 101(5).

hearing going forward. At the end of the Bond Hearing, the Court announced that it was taking the matter under advisement.

6.    On August 12, 2022, Myers filed a *Motion for New Hearing On Lis Pendens Bond*.

7.    On August 14, 2022, Defendant filed a *Response in Opposition to Plaintiff's Motion for New Hearing On Lis Pendens Bond*, arguing the "Court based the amount of the lis pendens bond solely on attorney's fees and potential attorney's fees, which are within the Court's discretion to include in the amount of the bond."

8.    On August 16, 2022, the circuit court entered an *Order Denying Plaintiff's Motion for New Hearing on Lis Pendens [Bond]*.

9.    On August 16, 2022, Myers filed a *Notice of Appeal of Nonfinal Order* appealing to the Florida Second District Court of Appeal from the *Order Denying Plaintiff's Motion for New Hearing on Lis Pendens [Bond]* (the "Appeal").

10.    On August 17, 2022—while the issues surrounding the Bond Claim were pending for resolution in this Court—the circuit court entered an *Order...Requiring Plaintiff to Post Lis Pendens Bond* (the "Bond Order"). The Bond Order required that Myers (debtor) "post a Lis Pendens Bond...in the amount of **$150,000.00**" (emphasis original).

## STANDARD OF REVIEW

The standard of review for a writ of prohibition is *de novo*. *Shir Law Group, P.A. v. Carnevale*, 306 So.3d 319 (Fla. 3d DCA 2020).

## ARGUMENT

"[A]ll proceedings in a single case are not lumped together for purposes of automatic stay analysis." *IAG Engine Ctr. Corp. v. Cagney Global Logistics Inc.*, 501 F. Supp. 3d 1287, 1299 (S.D. Fla. 2020) quoting *Maritime Elec. Co. v. United Jersey Bank*, 959 F.2d 1194, 1204 (3d Cir. 1991). Instead, "[m]ultiple claim and multiple party litigation must be disaggregated so that particular claims, counterclaims, crossclaims and third-party claims are treated independently when determining which of their respective proceedings are subject to the bankruptcy stay. Thus, within one case, actions ***against*** a debtor will be suspended even though closely related claims asserted *by* the debtor may continue." *Id.* (emphasis supplied). *See also Koolik v. Markowitz*, 40 F.3d 567, 568 (2d Cir. 1994); *Parker v. Bain*, 68 F.3d 1131, 1137 (9th Cir. 1995); *Vasile v. Dean Witter Reynolds*, 20 F. Supp. 2d 465, 499 (E.D.N.Y. 1998); *In re Hall*, 304 F.3d 743, 746 (7th Cir. 2002); *In re Duncan*, 987 F.2d 490, 491 n.2 (8th Cir. 1993).

In this case, the Bond Claim[3], Bond Hearing and Bond Order (requiring Myers to post a **$150,000.00 bond**) constitute "acts" to obtain payment from Myers (debtor) in violation of the automatic stay under 11 U.S.C. § 362(a)(3). *See In re Purifiner Distrib. Corp.*, 188 B.R. 1007, 1011 (Bankr. M.D. Fla. 1995) (explaining that section 362 of the Bankruptcy Code operates to stay proceedings "in which the debtor *or his property* is in controversy.") (emphasis added).

The automatic stay is a self-executing **federal injunction** that is effective upon the filing of the bankruptcy petition. The Supreme Court in *Celotex Corp. v. Edwards*, 514 U.S. 300, 315, 115 S.Ct. 1493, 131 L.Ed.2d 403 (1995), makes clear that the bankruptcy court has jurisdiction until such time as the bankruptcy court issues a decision to lift the automatic stay or otherwise enters an order directing the matter to proceed. See also *Gruntz v. County of Los Angeles (In re Gruntz)*, 202 F.3d 1074 (9th Cir. 2000) noting the injunctive nature of the automatic stay imposes on affected parties an obligation to obey such decree until it is modified or reversed, even if there are grounds to object to the order. *Id.* at 1082 (other citations omitted).

---

[3] Under the Bankruptcy Code, "claim" includes both a right to payment and a right to an equitable remedy. *See* 11 U.S.C. § 101(5).

The automatic stay applies ***unless***: (1) the stay is lifted pursuant to § 362(d) by order of the bankruptcy court, or (2) it expires by its own terms as provided in § 362(c), or (3) one of the exceptions to the stay found in § 362(b) applies. Further, a state court only possesses "concurrent jurisdiction" ***if*** (i) an exception to the automatic stay covers the action in question, *or* (ii) the bankruptcy court grants relief from the stay with respect to certain property or claims. *See In re United States Brass Corp.*, 110 F.3d 1261, 1268 (7th Cir. 1997). And if none of the foregoing conditions apply, the state court has no subject matter jurisdiction while the stay remains in effect. *Chao v. Hospital Staffing Services, Inc.*, 270 F.3d 374 (6th Cir. 2001).

The ultimate determination as to whether the stay applies to a non-bankruptcy action in state court rests with the bankruptcy court which originally issued the injunction. *See In Matter of Pitts*, Case No. 808-74860-reg (Bankr. E.D.N.Y. Dec. 8, 2009) (reasoning that this is consistent with the bankruptcy court's power to enforce its own injunctions under the Supremacy Clause); *Eastern Equip. & Servs. Corp. v. Factory Point Nat'l Bank*, 236 F.3d 117, 121 (2d Cir. 2001) (questions of stay violation are preempted by the Bankruptcy Code); *In re Mid-City Parking, Inc.*, 332 B.R. 798 (Bankr. N.D. Ill. 2005) ("The bankruptcy court from which the automatic stay originated nonetheless has the final say.").

Moreover, the Rooker-Feldman doctrine does not prevent the bankruptcy court from re-visiting a state court's analysis on this subject. *See Gruntz v. County of Los Angeles (In re Gruntz)*, 202 F.3d 1074 (9th Cir. 2000) (bankruptcy court was not precluded by the Rooker-Feldman doctrine from annulling a state court's determination regarding the automatic stay); *Raymark Indus. v. Lai*, 973 F.2d 1125, 1132 (3d Cir. 1992) (distinguishing a permissible collateral attack on an automatic-stay determination from a collateral attack on the merits of state court litigation).

Here, the circuit court's jurisdictional determination was **erroneous**, rendering the entire action *void ab initio. See Schwartz v. United States*, 954 F.2d 569, 570-71 (9th Cir. 1992); *NLRB v. Edward Cooper Painting, Inc.*, 804 F.2d 934, 940 (6th Cir. 1986); *Kalb v. Feuerstein*, 308 U.S. 433, 438-39, 60 S. Ct. 343 (1940). Because the Bond Claim was stayed, the circuit court (Brodie, J.) had no subject matter jurisdiction[4] to enter the Bond Order against Myers, rendering the Bond Order void and without effect. *See US. v. White*, 466 F.3d 1241, 1244 (11th Cir. 2006) ("It is the law of this Circuit that '[a]ctions taken in violation of the automatic stay are void and without effect.'") (internal citations omitted).

---

[4] Petitioner also maintains the circuit court was without jurisdiction to enter the Bond Order while the same issue is pending for resolution in this Court.

**CONCLUSION**

For the reasons stated above, this Honorable Court should issue a writ of prohibition to restrain the circuit court from continuing to act in excess of its jurisdiction causing further material injury to Petitioner for which there is no adequate remedy by appeal.

RESPECTFULLY SUBMITTED on this 2nd day of September, 2022.

/s/ Gregory B. Myers
Gregory B. Myers, *pro se*
700 Gulf Shore Blvd. N.
Naples, Florida 34102
(301) 325-2312
gregbmyers@verizon.net

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on September 2, 2022, the foregoing RESPONSE AND MOTION TO CONVERT APPEAL TO A PETITION FOR WRIT OF PROHIBITION was filed electronically with the Florida Courts E-Filing Portal system, and a copy of same was furnished via electronic mail to the following:

Linda Fink, Esq.
John N. Brugger, Esq.
Forsyth & Brugger, P.A.
600 Fifth Avenue South, Suite 207
Naples, FL 34102
jbrugger@forsythbrugger.com
*Attorneys for Defendant*

/s/ Gregory B. Myers
Gregory B. Myers, *pro se*